JOHN CHRISTOPHER (J.C.) ROZENDAAL (*pro hac vice pending*)
  jcrozendaal@sternekessler.com
BYRON PICKARD (*pro hac vice pending*)
  bpickard@sternekessler.com
ROBERT NIEMEIER (*pro hac vice pending* )
  rniemeier@sternekessler.com
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1101 K Street, NW 10th Floor
Washington, DC 20005
Phone: (202) 371-2600

KARIN G. PAGNANELLI (SBN 174763)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Taylor Made Golf Company, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR MADE GOLF COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORP., and SOUTHERN CALIFORNIA DESIGN COMPANY d/b/a INDI GOLF, <br><br> Defendants. | CASE NO.  **'24CV0212 BEN VET** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND FALSE ADVERTISING** <br><br> **JURY TRIAL DEMANDED** |

16214379.1

**COMPLAINT**

1    Plaintiff, Taylor Made Golf Company, Inc. ("Taylor Made" or "Plaintiff")

2    brings this Complaint against Defendants Costco Wholesale Corporation ("Costco")

3    and Southern California Design Company d/b/a Indi Golf ("SCDC") (collectively

4    "Defendants"). In support of this Complaint, Taylor Made alleges as follows:

5                          **NATURE OF THIS ACTION**

6         1.    This is an action for patent infringement brought by Taylor Made

7    against Defendants pursuant to 35 U.S.C. § 271 and 281–285 for Defendants'

8    infringement of U.S. Patent Nos. RE47,653 ("the '653 patent"); 10,953,293 ("the

9    '293 patent"); 11,351,426 ("the '426 patent"); 11,420,097 ("the '097 patent"); and

10   11,559,727 ("the '727 patent") (collectively "the asserted patents"), and for false

11   advertising for Defendants' false and misleading statements in violation of the

12   Lanham Act, (15 U.S.C. § 1125(a)).

13                                **PARTIES**

14        2.    Taylor Made is a Delaware corporation with its principal place of

15   business at 5545 Fermi Court, Carlsbad, California 92008.

16        3.    Costco is a Washington corporation, with a principal place of business

17   located at 999 Lake Dr., Issaquah, WA 98027. On information and belief, Costco

18   operates one or more physical stores in this District, including at least stores at 650

19   Gateway Center Dr., San Diego, CA 92102, and 951 Palomar Airport Road,

20   Carlsbad, CA 92011.

21        4.    Costco has sold and offered to sell infringing products at least through

22   its website, Costco.com, to consumers in this District, throughout the State of

23   California, and throughout the United States.

24        5.    SCDC is a California corporation with a principal place of business

25   located at 2205 Faraday Avenue, Suite A, Carlsbad, California 92008. SCDC has

26   registered "Indi Golf" as a tradename and has in fact done business as Indi Golf. On

27   information and belief, SCDC has manufactured infringing products in, or imported

28

infringing products into, the United States and has sold infringing products to Costco.

## **JURISDICTION AND VENUE**

6.      These claims arise under the patent laws of the United States of America, 35 U.S.C. §§ 1 *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)

7.      This Court has personal jurisdiction of Defendant Costco because, among other things, Costco's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic contacts with the state of California and this District.

8.      On information and belief, Costco: (1) intentionally markets and sells the infringing products to residents in this District; (2) enjoys substantial income from this District; and (3) owns and operates several stores in this District and throughout California.

9.      Venue is proper in this District as to Costco pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because (i) Costco has committed acts of infringement in this District at least by selling and offering to sell the infringing products within the District, (ii) Costco has made false and misleading statements in this District and to consumers residing in this District, and (iii) Costco maintains a regular and established place of business in this District.

10.      This Court has personal jurisdiction of Defendant SCDC because, among other things, SCDC is incorporated in the State of California and has its principal place of business in this District. SCDC also conducts business in this District; purposefully avails itself to the rights and benefits of California law; and has substantial, continuous, and systematic contacts with the state of California and this District.

**COMPLAINT**

16214379.1

11.     On information and belief, SCDC regularly and continuously transacts business in the District, including by designing, making, and selling the infringing products. On information and belief, SCDC designs and manufactures the infringing products on behalf of Costco and sells the infringing products to Costco, which are then sold to customers in this District through Costco's retail locations.

12.     Venue is proper in this District as to SCDC pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because SCDC is incorporated in California and has a principal place of business in this District.

## BACKGROUND

13.     Taylor Made is the world's leading designer and innovator of golf clubs and has been at the forefront of innovation and technology in the golf industry for over 40 years. Taylor Made's history of innovation includes the P790 irons. These innovative golf clubs were developed by Taylor Made and revolutionized the filled-iron category upon their 2017 launch.



14.     The P790 irons incorporated a host of technologies that aided golf players in improving distance, feel, forgiveness, and playability. These technologies included a body comprised of specifically chosen alloys and shaped to distribute weight; an internal cavity filled with a proprietary SpeedFoam™ polymer; and tungsten weights to further optimize the weight distribution. Each of these features

16214379.1

were innovative and designed to help golfers improve their distance, consistency, and accuracy. An exploded view of the P790 irons is shown below.



15.    Taylor Made has continued to innovate and refine its P790 irons since their launch in 2017 and further improve performance for golfers the world over. As a result the P790 irons have been both critically acclaimed and in high demand from golf consumers.

16.    Included in the features of the P790 irons are a number of breakthrough inventions created by Taylor Made employees that are covered by issued U.S. patents.

## The Asserted Patents

### I.    The '653 Patent

17.    On October 22, 2019, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '653 patent, entitled "Golf Club Head." A true and correct copy of the '653 patent is attached as Exhibit 1. The inventors of the '653 patent are Bret H. Wahl, Peter L. Larsen, and Loren Stowe.

18.    The '653 patent is a reissue of U.S. Patent No. 9,265,995, which issued from a continuation application of Application No. 13/960,554. The. Application No. 13/960,554, including continuations, divisions, and reissues, was assigned from

5
**COMPLAINT**

the inventors to Taylor Made Golf Company, Inc. on August 22, 2013. Taylor Made thus owns all rights and title to the '653 patent and has standing to assert this patent.

19.    The '653 patent is valid and enforceable.

**II.    The '293 Patent**

20.    On March 23, 2021, the USPTO duly and legally issued the '293 patent, entitled "Golf Club Head." A true and correct copy of the '293 patent is attached as Exhibit 2. The inventors of the '293 patent are Paul M. Demkowski, Bret H. Wahl, Scott Taylor, and Sanjay Kuttappa.

21.    The '293 patent is a continuation of Application No. 15/706,632. Application No. 15/706,632, including continuations, divisions, and reissues, was assigned from the inventors to Taylor Made Golf Company, Inc. by March 7, 2019. Taylor Made thus owns all rights and title to the '293 patent and has standing to assert this patent.

22.    The '293 patent is valid and enforceable.

**III.    The '426 Patent**

23.    On June 7, 2022, the USPTO duly and legally issued the '426 patent, entitled "Golf Club Head." A true and correct copy of the '426 patent is attached as Exhibit 3. The inventors of the '426 patent are Paul M. Demkowski, Bret H. Wahl, Scott Taylor, and Sanjay Kuttappa.

24.    The '426 patent is a continuation of Application No. 16/800,811, which itself is a continuation of Application No. 15/706,632. Application No. 15/706,632, including continuations, divisions, and reissues, was assigned from the inventors to Taylor Made Golf Company, Inc. by March 7, 2019. Taylor Made thus owns all rights and title to the '426 patent and has standing to assert this patent.

25.    The '426 patent is valid and enforceable.

**IV.    The '097 Patent**

26.    On August 23, 2022, the USPTO duly and legally issued the '097 patent, entitled "Golf Club Head." A true and correct copy of the '097 patent is

attached as Exhibit 4. The inventors of the '097 patent are Paul M. Demkowski, Bret H. Wahl, and Scott Taylor.

27.    The '097 patent is a continuation of Application No. 16/720,678, which itself is a continuation of Application No. 15/394,549. Application No. 15/394,549, including continuations, divisions, and reissues, was assigned from the inventors to Taylor Made Golf Company, Inc. by September 26, 2017. Taylor Made thus owns all rights and title to the '097 patent and has standing to assert this patent.

28.    The '097 patent is valid and enforceable.

**V.    The '727 Patent**

29.    On January 24, 2023, the USPTO duly and legally issued the '727 patent, entitled "Golf Club Head." A true and correct copy of the '727 patent is attached as Exhibit 5. The inventors of the '727 patent are Paul M. Demkowski, Matt Bovee, Mike Walker, Boo Ohashi, and Connor Halberg.

30.    The '727 patent issued from Application No. 17/087,596. Application No. 17/087,596, including continuations, divisions, and reissues, was assigned from the inventors to Taylor Made Golf Company, Inc. by November 25, 2020. Taylor Made thus owns all rights and title to the '727 patent and has standing to assert this patent.

31.    The '727 patent is valid and enforceable.

<u>**Defendants' Acts of Infringement**</u>

32.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.    Costco is a large multi-national retail corporation known for its chain of warehouse stores. Costco sells a variety of products including food, electronics, clothing, and sporting goods. In addition to selling products from third-party brands, Costco also offers its own "house" brand of products under the Kirkland Signature™ name.

**COMPLAINT**

16214379.1

34.    Among the products sold under the Kirkland Signature™ brand are golf clubs, including a Kirkland Signature™ Players Iron set (the "accused products"), pictured below. Costco began selling and offering for sale the accused products through its website by December 2023. *See* https://www.costco.com/kirkland-signature-7-piece-players-iron-set%2C-right-handed.product.4000236767.html (last visited January 29, 2024).



35.    The accused products copy many features and technologies from Taylor Made's P790 irons and the asserted patents. Costco's website notes that the accused products are "are built for distance and forgiveness with a stainless steel body, injected urethane insert, and an internal tungsten weight for optimal launch, forgiveness, and playability." *Id.* The website also provides a diagram of its irons showing the body of the club, the internal cavity, urethane insert, and tungsten weight.

16214379.1

1
2
3
4
5
6
7
8
9
10



11      36.     Costco contracted with Defendant SCDC to design and manufacture

12  the accused products. The accused products were previously listed on the United

13  States Golf Association ("USGA") conforming clubs list, which identifies clubs that

14  USGA certifies as meeting the rules of golf and identifies the manufacturer of the

15  club. The listing of the accused products on the conforming list stated that the

16  manufacturer was "Indi Golf."

17      37.     On information and belief, SCDC designed and manufactures the

18  accused products for Costco and sells the accused products to Costco. On

19  information and belief, the accused products are made by or at the direction of

20  SCDC and/or Costco in the United States, or are imported into the United States by

21  or at the direction of SCDC and/or Costco.

22      38.     On information and belief, the design of the accused products directly

23  copies the patented features of the P790 irons, including features covered by the

24  asserted patents. On information and belief, the design team for the accused

25  products included an engineer who formerly worked at Taylor Made headquarters

26  alongside Taylor Made engineers during the development of the P790.

27      39.     Costco has sold and offered to sell the accused products to customers

28  via its website. On information and belief, Costco has sold out its initial inventory

16214379.1

1   of accused products but intends to make future sales of the accused products, as

2   shown by Costco's maintenance of the website listing of its accused products. *See*

3   https://www.costco.com/kirkland-signature-7-piece-players-iron-set%2C-right-

4   handed.product.4000236767.html (last visited January 29, 2024).

5       40.    As set forth below and more fully in the claim charts appended to this

6   Complaint, the accused products incorporate, without permission or license from

7   Taylor Made, the inventions claimed in the asserted patents. Taylor Made

8   respectfully seeks relief from this Court for Defendants' infringement.

9       41.    Costco and SCDC have each directly infringed and continue to directly

10  infringe, the asserted patents under 35 U.S.C. § 271(a) by making, using, selling

11  and/or offering to sell, in this District and elsewhere in the United States, and/or

12  importing into this District and elsewhere in the United States, the accused

13  products, that is the Kirkland Signature™ irons.

14      42.    Defendants received actual notice of their infringement at least as early

15  as the date of service of this Complaint. Therefore, each Defendant was or is now

16  aware of the asserted patents and the accused products' infringement thereof.

17      43.    On information and belief, Defendants have made, used, sold, offered

18  to sell, imported and/or encouraged the making, using, selling, offering to sell, or

19  importing of the accused products despite knowing of an objectively high likelihood

20  that their actions constituted infringement of the asserted patents at all times

21  relevant to this suit.

22      44.    For the reasons described above, Defendants' infringement of the

23  asserted patents has been willful.

24      45.    Defendants' acts of infringement have caused damage to Taylor Made.

25  Taylor Made is entitled to recover from Defendants the damages incurred by Taylor

26  Made as a result of Defendants' wrongful acts.

27

28

## **Defendants' Acts of False Advertisement**

46.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.    Defendants advertise the accused products to the public via Costco's web store. Costco's website listing the accused products for sale states that "[t]he Kirkland Signature Players Distance Irons are built for distance and forgiveness with a[n] … injected urethane insert …." https://www.costco.com/kirkland-signature-7-piece-players-iron-set%2C-right-handed.product.4000236767.html (last visited January 29, 2024).

48.    The accused products, however, do not contain an "injected urethane insert."

49.    Costco's website for the accused products notes that these statements are provided "by the manufacturer." *Id.* Thus, on information and belief, both Costco and SCDC have made false statements of fact in a commercial advertisement about their own product. Defendants' false advertising is available on Costco's website, which is available to consumers throughout the United States and offers the accused products for sale throughout the United States. Defendants have caused their false statements regarding the accused products to enter interstate commerce.

50.    The statement by Defendants that the accused products contain an "injected urethane insert" is literally false, or in the alternative, is misleading and, on information and belief, has actually deceived or has a tendency to deceive consumers in a way that influences purchasing decisions. Defendants' false statements are material to purchasing decisions because they falsely or misleadingly suggest that the accused products have features found on premium clubs such as the Taylor Made P790.

51.    Defendants' false advertising has misled golf journalists and customers to believe the accused products are similar to or equivalent to the Taylor Made

16214379.1

P790 irons. *See* https://mygolfspy.com/we-tried-it/we-tried-it-kirkland-signature-players-irons-review/ (last visited January 30, 2024) ("Costco's iron bears a striking resemblance to TaylorMade's P790."); https://golf.com/gear/costcos-499-kirkland-signature-irons-sold-out-in-just-hours/ (last visited January 30, 2024) ("[The] hollow foam/urethane-filled construction [of the accused products] is similar to many other irons in the player's distance category, including the TaylorMade P790…");

https://old.reddit.com/r/golf/comments/18evsni/so_costcos_kirkland_irons_are_basically_rebranded/ (last visited January 30, 2024) ("So Costco's Kirkland irons are basically rebranded 2019 P790's?"); *id.* ("I read on Golf Spy that the manufacturer is a company named Indi Golf. Could it be possible that they bought Taylor Made's design/machinery?");

https://www.reddit.com/r/golf/comments/17fnmwd/so_the_costco_clubs_are_theoretically_dropping_in/ (last visited January 30, 2024) ("I'm obviously interested in [the Costco Kirkland Signature] irons, especially if they are P790 knock offs.").

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE47,653

52.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.    As described above, each Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the '653 patent by, among other things, making, using, selling, offering to sell, and/or importing the accused products that practice the '653 patent claims without permission in violation of 35 U.S.C. § 271(a).

54.    Each of Defendants' accused products satisfy, literally or under the doctrine of equivalents, at least claim 1 of the '653 patent. *See* Exhibit 6.

55.    Defendants' accused products therefore infringe at least one claim of the '653 patent.

**COMPLAINT**

56.    Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '653 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

57.    As a result of Defendants' infringement of the '653 Patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '653 patent under 35 U.S.C. § 283. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,953,293

58.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59.    As described above, each Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the '293 patent by, among other things, making, using, selling, offering to sell, and/or importing the accused products that practice the '293 patent claims without permission in violation of 35 U.S.C. § 271(a).

60.    Each of Defendants' accused products satisfy, literally or under the doctrine of equivalents, at least claim 1 of the '293 patent. *See* Exhibit 7.

61.    Defendants' accused products therefore infringe at least one claim of the '293 patent.

62.    Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '293 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

**COMPLAINT**

16214379.1

63.     As a result of Defendants' infringement of the '293 Patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '293 Patent under 35 U.S.C. § 283. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,351,426**

64.     Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.     As described above, each Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the '426 patent by, among other things, making, using, selling, offering to sell, and/or importing the accused products that practice the '426 patent claims without permission in violation of 35 U.S.C. § 271(a).

66.     Each of Defendants' accused products satisfy, literally or under the doctrine of equivalents, at least claim 17 of the '426 patent. *See* Exhibit 8.

67.     Defendants' accused products therefore infringe at least one claim of the '426 patent.

68.     Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '426 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

69.     As a result of Defendants' infringement of the '426 Patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '426 Patent under 35 U.S.C. § 283. Taylor Made has

14

**COMPLAINT**

1  no adequate remedy at law and is entitled to a permanent injunction against

2  Defendants.

3      **COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,420,097**

4      70.    Taylor Made restates and incorporates by reference the allegations in

5  paragraphs 1 through 69 of this Complaint as if fully set forth herein.

6      71.    As described above, each Defendant has directly infringed and

7  continues to directly infringe, literally or under the doctrine of equivalents, one or

8  more of the claims of the '097 patent by, among other things, making, using,

9  selling, offering to sell, and/or importing the accused products that practice the '097

10 patent claims without permission in violation of 35 U.S.C. § 271(a).

11     72.    Each of Defendants' accused products satisfy, literally or under the

12 doctrine of equivalents, at least claim 13 of the '097 patent. *See* Exhibit 9.

13     73.    Defendants' accused products therefore infringe at least one claim of

14 the '097 patent.

15     74.    Taylor Made has been damaged and continues to be damaged by

16 Defendants' infringement of the '097 patent. As a result, Taylor Made is entitled to

17 an award of damages adequate to compensate it for the infringement in an amount

18 that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

19     75.    As a result of Defendants' infringement of the '097 patent, Taylor

20 Made has suffered irreparable harm and impairment of the value of its patent rights,

21 and Taylor Made will continue to suffer irreparable harm and impairment of the

22 value of its patent rights, unless and until Defendants are permanently enjoined by

23 this Court from infringing the '097 patent under 35 U.S.C. § 283. Taylor Made has

24 no adequate remedy at law and is entitled to a permanent injunction against

25 Defendants.

26     **COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,559,727**

27     76.    Taylor Made restates and incorporates by reference the allegations in

28 paragraphs 1 through 75 of this Complaint as if fully set forth herein.

**COMPLAINT**

16214379.1

77.    As described above, each Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the '727 patent by, among other things, making, using, selling, offering to sell, and/or importing the accused products that practice the '727 patent claims without permission in violation of 35 U.S.C. § 271(a).

78.    Each of Defendants' accused products satisfy, literally or under the doctrine of equivalents, at least claim 13 of the '727 patent. *See* Exhibit 10.

79.    Defendants' accused products therefore infringe at least one claim of the '727 patent.

80.    Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '727 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

81.    As a result of Defendants' infringement of the '727 patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '727 patent under 35 U.S.C. § 283. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

## COUNT VI: FALSE ADVERTISING (15 U.S.C. § 1125)

82.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83.    Defendants' statements regarding the construction and performance of the accused products on Costco's website are literally false, or in the alternative, are misleading and, on information and belief, have actually deceived or have a tendency to deceive consumers.

**COMPLAINT**

16214379.1

84.    Defendants' statements are likely to materially influence customer purchasing decisions.

85.    Defendants caused their false statements to enter into interstate commerce by publishing them on Costco's website, which is available nationwide and offers the accused products for sale nationwide.

86.    Defendants' actions are likely to harm Taylor Made's sales or goodwill. Defendants' false statements that the accused products contain features that they do not have, may lead customers to purchase the accused products over Taylor Made's competing products, including the P790 irons. Taylor Made's goodwill is also likely to be harmed among consumers that have been misled to believe the accused products are equivalent in design or performance to the P790 irons. Defendants' statements have harmed and will continue to harm Taylor Made.

87.    Taylor made has suffered direct and consequential damages, and is entitled to recover compensatory damages, including opportunity costs and enhanced damages in an amount to be proven at trial.

88.    As a result of Defendants' false statements, Taylor Made has suffered irreparable harm, and Taylor Made will continue to suffer irreparable harm, unless and until Defendants are permanently enjoined by this Court from continuing to make or making future false statements regarding the accused products. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

### **PRAYER FOR RELIEF**

WHEREFORE, Taylor Made respectfully requests judgment against Defendants as follows:

A.    a judgment that Defendants have infringed, either literally or under the doctrine of equivalents, one or more claims of the asserted patents under 35 U.S.C. § 271(a);

B.    a judgment that Defendants' infringement has been and is willful;

**COMPLAINT**

16214379.1

C.  a judgment and order requiring Defendants to pay Taylor Made its damages, costs, expenses, and any enhanced damages to which Taylor Made is entitled for Defendants' infringement;

D.  a permanent injunction enjoining Defendants as well as their subsidiaries, agents, directors, officers, employees, and those in active concert or participation with Defendants from infringing the asserted patents;

E.  a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Taylor Made its reasonable attorneys' fees against Defendants;

F.  a judgment that Defendants have violated the Lanham Act, 15 U.S.C. §1125(a), by committing acts of false advertisement;

G.  a judgment and order requiring Defendants' to pay Taylor Made its damages, costs, expenses, and any punitive or enhanced damages to which Taylor Made is entitled for Defendants' false advertisement;

H.  a permanent injunction enjoining Defendants as well as their subsidiaries, agents, directors, officers, employees, and those in active concert or participation with Defendants from making further false and misleading statements regarding the accused products;

I.  a judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Taylor Made, including without limitation, pre-judgment and post-judgment interest; and

J.  any and all other relief as the Court may deem appropriate and just under the circumstances.

16214379.1

1   DATED: January 31, 2024     Respectfully Submitted,

JOHN CHRISTOPHER (J.C.) ROZENDAAL
BYRON PICKARD
ROBERT NIEMEIER
STERNE, KESSLER, GOLDSTEIN & FOX
PLLC

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP


By: */s/ Karin G. Pagnanelli*
    Karin G. Pagnanelli (SBN 174763)
    Attorneys for Plaintiff
    Taylor Made Golf Company, Inc.

**COMPLAINT**

16214379.1

# <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Taylor Made respectfully demands a trial by jury on all claims and issues so triable.

DATED: January 31, 2024

JOHN CHRISTOPHER (J.C.) ROZENDAAL
BYRON PICKARD
ROBERT NIEMEIER
STERNE, KESSLER, GOLDSTEIN & FOX PLLC

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP


By: */s/ Karin G. Pagnanelli*
    Karin G. Pagnanelli (SBN 174763)
    Attorneys for Plaintiff
    Taylor Made Golf Company, Inc.

16214379.1