1  Matthew C. Bernstein, Bar No. 199240
   MBernstein@perkinscoie.com
2  Eric R. Maas, Bar No. 345450
   EMaas@perkinscoie.com
3  PERKINS COIE LLP
   11452 El Camino Real, Ste 300
4  San Diego, California 92130-2080
   Telephone:  +1.858.720.5700
5  Facsimile:   +1.858.720.5799

6  Ramsey M. Al-Salam, Bar No. 109506
   RAlsalam@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, Washington 98101-3099
   Telephone:  +1.206.359.8000
9  Facsimile:   +1.206.359.9000

10 *Counsel for Defendant Costco*
   *Wholesale Corp.*
11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15 TAYLOR MADE GOLF COMPANY,          Case No. 24-CV-0212-AGS-VET
   INC.,
16                                    DEFENDANT COSTCO
              Plaintiff,              WHOLESALE CORP.'S
17                                    MEMORANDUM OF POINTS AND
        v.                            AUTHORITIES IN SUPPORT OF
18                                    MOTION TO DISMISS TAYLOR
   COSTCO WHOLESALE CORP., and        MADE'S WILLFUL INFRINGEMENT
19 SOUTHERN CALIFORNIA DESIGN         CLAIM
   COMPANY d/b/a INDI GOLF,
20                                    Date:    May 3, 2024
              Defendants.            Time:    2:30 p.m.
21                                    Judge:   Hon. Andrew G. Schopler
22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................. 1

II.     THE COMPLAINT DOES NOT ALLEGE PRE-SUIT
        KNOWLEDGE OF THE ASSERTED PATENTS ......................................... 1

III.    PLEADING WILLFUL INFRINGEMENT REQUIRES AN
        ALLEGATION OF PRE-SUIT KNOWLEDGE OF THE PATENTS
        AND A CLAIM OF INFRINGEMENT ......................................................... 2

IV.     CONCLUSION ............................................................................................... 5

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

C ASES

4

*Ashcroft v. Iqbal,*

5

556 U.S. 662 (2009) ...................................................................................... 2

6

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch.*

7

*Organisation,*

28 F.4th 1247 (Fed. Cir. 2022) .................................................................. 2

8

9

*Bell Atl. Corp. v. Twombly,*

550 U.S. 544 (2007) .................................................................................. 2, 5

10

*BillJCo, LLC v. Apple Inc.,*

11

583 F. Supp. 3d 769 (W.D. Tex. 2022) ...................................................... 4

12

*CTD Networks, LLC v. Google, LLC,*

13

No. WA-22-CV-01042-XR, --- F. Supp. 3d ---, 2023 WL 5417139

(W.D. Tex. Aug. 22, 2023) ......................................................................... 4

14

15

*Deckers Outdoor Corp. v. J.C. Penney Co., Inc.,*

45 F. Supp. 3d. 1181 (C.D. Cal. 2014) ...................................................... 3

16

17

*E-Vision Optics, LLC et al v. Luxottica Group S.p.A. et al,*

No. SA CV 23-02013-AB, Dkt. No. 45 (C.D. Cal. March 8, 2024) ........... 3

18

*Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.,*

19

946 F.3d 1367 (Fed. Cir. 2020) ................................................................. 3

20

*Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.,*

21

665 F. Supp. 3d 1214 (S.D. Cal. 2023) ...................................................... 3

22

*Finjan, Inc. v. Cisco Sys., Inc.,*

23

No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ........ 4

24

*Gobalo, LLC v. Horizon Grp. USA, Inc.,*

25

No. 21-CV-1639 TWR (MSB), 2022 WL 3588415 (S.D. Cal. Aug.

22, 2022) .................................................................................................... 3

26

27

*Halo Electronics, Inc. v. Pulse Electronics, Inc.,*

579 U.S. 93 (2016) ..................................................................................... 4

28

24-CV-0212-AGS-VET
MOTION TO DISMISS

166133607.2

**TABLE OF AUTHORITIES (continued)**

Page(s)

*Intell. Ventures I LLC v. Toshiba Corp.*,
   66 F. Supp. 3d 495 (D. Del. 2014) ..................................................... 4

*Milo & Gabby, LLC v. Amazon.com, Inc.*,
   12 F. Supp. 3d 1341 (W.D. Wash. 2014) ............................................ 4

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen)
   Tech., Ltd.*, No. 6:20- CV-008876-ADA, 2021 WL 3931910, at *5
   (W.D. Tex. Sept. 1, 2021) ................................................................. 4

*NantWorks, LLC v. Niantic, Inc.*,
   No. 20-cv-06262-LB, 2021 WL 24850 (N.D. Cal. Jan. 4, 2021)
   (granting motion to dismiss willful infringement claim under Fed.
   R. Civ. P. 12(b)(6) because of failure to "plausibly plead pre-suit
   notice") ............................................................................................. 4

*Simpson Performance Prod., Inc. v. Impact Racing, Inc.*,
   No. 3:17-cv-01706-BEN-MDD, 2018 WL 2229372 (S.D. Cal. May
   16, 2018) .......................................................................................... 3

*Smith v. Extreme Performance 1, LLC*, No. 5:20-CV-00328-RGK-
   SHK, 2020 WL 5092913, at *5 (C.D. Cal. June 23, 2020 .................. 3

*Smith Interface Technologies, LLC v. Apple Inc.*,
   No. 23-CV-1187 TWR (BGS), Dkt. No. 63 (S.D. Cal. March 5,
   2024) ................................................................................................ 3

*SRI Int'l, Inc. v. Cisco Sys, Inc.*,
   14 F. 4th 1323 (Fed. Cir. 2021) ......................................................... 2

*Word to Info, Inc. v. Google, Inc.*,
   140 F. Supp. 3d 986 (N.D. Cal. 2015) ................................................ 3

**OTHER AUTHORITIES**

Fed. R. Civ. 12(b)(6) ..................................................................... 1, 5

166133607.2

## I.    INTRODUCTION

Defendant Costco Wholesale Corp. ("Costco") respectfully seeks an order under Fed. R. Civ. 12(b)(6) dismissing Plaintiff Taylor Made Golf Company, Inc.'s ("Taylor Made") claim that Costco has willfully infringed the patents-in-suit.  The Complaint does not plausibly allege claims of willful infringement under the *Twombly/Iqbal* pleading standard.  Taylor Made does not allege that Costco knew about the asserted patents before Taylor made filed this lawsuit, let alone that it knowingly and deliberately infringed.  This defect is fatal.  Absent a plausible allegation of pre-suit knowledge and that Costco knew it was likely infringing, Taylor Made's willful infringement claim must be dismissed.[1]

## II.    THE COMPLAINT DOES NOT ALLEGE PRE-SUIT KNOWLEDGE OF THE ASSERTED PATENTS

Taylor Made filed its Complaint against Costco without warning on January 31, 2024, alleging infringement of five patents (U.S. Patent Nos. RE47,653; 10,953,923; 11,351,426; 11,420,097; and 11,559,727).  For each asserted patent, Taylor Made asserts claims of direct and willful infringement.  The Complaint does not, however, allege that Costco knew of the asserted patents or any alleged infringement before its filing.  Instead, the Complaint only alleges post-suit knowledge—that "Defendants received actual notice of their infringement at least as early as the date of service of this Complaint" and "each defendant was or is now aware of the asserted patents and the accused products' infringement thereof."  Complaint at ¶ 42.  The Complaint then makes the bare assertion, supported only by "information and belief" that "Defendants have made, used, sold, offered to sell, imported and/or encouraged the making, using, selling, offering to

---

[1] Costco brings this motion without prejudice to its pending Motion to Compel Arbitration (ECF No. 20).  Although the entire dispute between the Parties is subject to the Parties' written arbitration agreement, the deadline by which Costco must respond to the Complaint falls before the Court can hear the Motion to Compel.  Costco files this motion in the interest of bringing to the Court's attention the defects in Taylor Made's pleadings at the earliest possible stage, in the chance the Court later denies Costco's Motion to Compel.

sell, or importing of the accused products despite knowing of an objectively high likelihood that their actions constituted infringement of the asserted patents at all times relevant to this suit." *Id.* at ¶ 43. Based on the conclusory accusations above, the Complaint goes on to assert that "Defendants' infringement of the asserted patents has been willful." *Id.* at ¶ 44.

### III.    PLEADING WILLFUL INFRINGEMENT REQUIRES AN ALLEGATION OF PRE-SUIT KNOWLEDGE OF THE PATENTS AND A CLAIM OF INFRINGEMENT

A claimant's pleading must provide fair notice and allege facts that, if true, are sufficiently plausible on their face and rise above mere speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A claimant must plead sufficient facts to allow the Court to draw a reasonable inference that the accused is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. To survive a 12(b)(6) motion, the pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although courts must take the factual allegations in a pleading as true, they "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citation omitted). Thus, "threadbare recitals of the elements of a cause of action," and a "formulaic recitation of the elements" do not suffice. *Iqbal*, 556 U.S. at 678.

A claim for willfulness requires proving that infringement is "deliberate or intentional." *SRI Int'l, Inc. v. Cisco Sys, Inc.*, 14 F. 4th 1323, 1330 (Fed. Cir. 2021). The patentee must show that the accused infringer has "knowledge of the asserted patent and evidence of infringement" and "a specific intent to infringe at the time of the challenged conduct." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 28 F.4th 1247, 1274-75 (Fed. Cir. 2022). Proving willful infringement is the first step for a patent owner seeking to obtain enhanced

damages, which are punitive in nature.  See *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020).

To plausibly plead willful infringement, a plaintiff must allege facts showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 665 F. Supp. 3d 1214 (S.D. Cal. 2023); see also *Simpson Performance Prod., Inc. v. Impact Racing, Inc.*, No. 3:17-cv-01706-BEN-MDD, 2018 WL 2229372, at *4 (S.D. Cal. May 16, 2018). "'Allegations of knowledge alone are not sufficient to state a claim for willful infringement.'" *Gobalo, LLC v. Horizon Grp. USA, Inc.*, No. 21-CV-1639 TWR (MSB), 2022 WL 3588415, at *3 (S.D. Cal. Aug. 22, 2022) (quoting *Smith v. Extreme Performance 1, LLC*, No. 5:20-CV-00328-RGK-SHK, 2020 WL 5092913, at *5 (C.D. Cal. June 23, 2020)).

Courts in this circuit have consistently dismissed, on the pleadings, claims for willful infringement in the absence of an allegation of pre-suit notice. *See Smith Interface Technologies, LLC v. Apple Inc.*, No. 23-CV-1187 TWR (BGS), Dkt. No. 63, at 9–10 (S.D. Cal. March 5, 2024) (dismissing pre-suit willfulness claims where plaintiff failed "to plausibly allege that [defendant] had pre-suit knowledge of … the Asserted Patents and its infringement of them"); *E-Vision Optics, LLC et al v. Luxottica Group S.p.A. et al*, No. SA CV 23-02013-AB (SHKx), Dkt. No. 45 at 8–9 (C.D. Cal. March 8, 2024) (dismissing willfulness allegations insufficient where plaintiff failed to plausibly allege the defendant's pre-suit knowledge of the asserted patents or the defendant's infringement); *Word to Info, Inc. v. Google, Inc.*, 140 F. Supp. 3d 986, 990 (N.D. Cal. 2015) ("The absence of any allegation of pre-filing knowledge of the patents is fatal to [plaintiff's] willful infringement claims."); *Deckers Outdoor Corp. v. J.C. Penney Co., Inc.*, 45 F. Supp. 3d. 1181, 1187-88 (C.D. Cal. 2014) (dismissing willful infringement claim for failure to allege that

1  defendant "was actually aware of either of the patents-in-suit prior to producing and

2  selling the accused products"); *NantWorks, LLC v. Niantic, Inc.*, No. 20-cv-06262-

3  LB, 2021 WL 24850, at *8 (N.D. Cal. Jan. 4, 2021) (granting motion to dismiss

4  willful infringement claim under Fed. R. Civ. P. 12(b)(6) because of failure to

5  "plausibly plead pre-suit notice"); *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-

6  BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (granting motion to

7  dismiss willful infringement claims under Fed. R. Civ. P. 12(b)(6) because

8  amended complaint did not "contain factual allegations that would enable the Court

9  to plausibly conclude that Cisco had pre-suit knowledge of any of the Asserted

10  Patents"); *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1353–54

11  (W.D. Wash. 2014) (dismissing claims for willful infringement and inducement for

12  failure to plead pre-suit knowledge); *see also Intell. Ventures I LLC v. Toshiba

13  Corp.*, 66 F. Supp. 3d 495, 499– 500 (D. Del. 2014) (dismissing willful

14  infringement claim for failure to allege pre-suit notice);.

15      And even if the Complaint had asserted mere knowledge of the patents, that

16  would be insufficient to plead willful infringement. *See*, *e.g.*, *CTD Networks, LLC

17  v. Google, LLC*, No. WA-22-CV-01042-XR, --- F. Supp. 3d ---, 2023 WL 5417139,

18  at *9 (W.D. Tex. Aug. 22, 2023) ("[M]ere knowledge of the Patents-in-Suit is

19  insufficient to establish that Defendant 'knew, or should have known,' that its

20  conduct amounted to patent infringement[.]"); *BillJCo, LLC v. Apple Inc.*, 583 F.

21  Supp. 3d 769, 777 (W.D. Tex. 2022) ("Mere knowledge of the Asserted Patents is

22  not enough." (citing *Monolithic Power Sys., Inc. v. Meraki Integrated Cir.

23  (Shenzhen) Tech., Ltd.*, No. 6:20- CV-008876-ADA, 2021 WL 3931910, at *5

24  (W.D. Tex. Sept. 1, 2021))).  Again, Taylor Made only alleges that Costco had

25  knowledge of infringement as of the date of service of the Complaint.[2]  Complaint

26

27  ───────────────

    [2] The Complaint alleges that Costco acted "despite knowing of an objectively

    high likelihood that their actions constituted infringement of the asserted patents at

    all times relevant to this suit."  Complaint at ¶ 43.  This allegation merely restates

28  an element of the *Seagate* test for willful infringement, which was abrogated by the

    Supreme Court in 2016.  *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S.

at ¶ 42.  Since Taylor Made failed to plead pre-suit knowledge of infringement, Taylor Made has failed to state a claim for willful infringement.  Accordingly, its willfulness allegations must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Costco respectfully requests the Court dismiss Taylor Made's willful infringement claims.

Dated:  March 28, 2024

**PERKINS COIE LLP**

By: _/s/ Ramsey M. Al-Salam_

Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
Eric R. Maas, Bar No. 345450
EMaas@perkinscoie.com
Ramsey M. Al-Salam, Bar No. 109506
RAlsalam@perkinscoie.com

*Counsel for Defendant Costco Wholesale Corp.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel for all Parties met and conferred by videoconference on March 28, 2024, pursuant to the Court's Civil Chambers Rule 5.  The Parties were unable to resolve this issue at that conference.

By:  _/s/ Ramsey M. Al-Salam_
Ramsey M. Al-Salam

---

93 (2016).  Regardless, reciting the legal elements (outdated or not) of a claim as facts, without more, does not satisfy the *Twombly*/*Iqbal* standard and save a claim from dismissal under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555.