**SQUIRE PATTON BOGGS (US) LLP**
Frank L. Bernstein (SBN: 189504)
frank.bernstein@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Hannah Makinde (SBN: 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581

Christopher Lorenzo Lewis (*pro hac vice pending – OH SBN: 100158*)
chris.lewis@squirepb.com
1000 Key Tower, 127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780

*Attorneys for Defendant Southern California Design Company*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR MADE GOLF COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP., and SOUTHERN CALIFORNIA DESIGN COMPANY d/b/a INDI GOLF ,<br><br>Defendants. | Case No. 3:24-cv-0212-AGS-VET<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT SOUTHERN CALIFORNIA DESIGN COMPANY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Hearing: May 3, 2024<br>Time:    2:30 p.m.<br>Courtroom     5C<br>Judge:   Hon. Andrew G. Schopler |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

   A.  Legal Standards..............................................................................................2

   B.  Taylor Made's Complaint Fails to Plead any Claim of Patent Infringement by SCDC ...................................................................................4

      1.  Conclusory Statements of Infringement Are Insufficient as a Matter of Law ........................................................................................4

      2.  Allegations "On Information and Belief" that SCDC Sells the Accused Product to Defendant Costco Are Insufficient as a Matter of Law ..................6

      3.  Allegations "On Information and Belief" that SCDC Imports the Accused Products for Defendant Costco Are Insufficient as a Matter of Law ........................................................................................7

      4.  Allegations that SCDC Manufactures the Accused Products Are Implausible and Cannot be Pled with Sufficient Particularity ........................8

   C.  Taylor Made's Complaint Fails to Plead a Claim of False Advertising by SCDC ...........................................................................................................12

III. CONCLUSION ...................................................................................................13

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................*passim*

*Bell Atl. Bus. Sys. Servs. v. Hitachi Data Sys. Corp.*,
   849 F. Supp. 702 (N.D. Cal. 1994) ..................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 2, 3

*Chavez v. United States*,
   683 F.3d 1102 (9th Cir. 2012) ......................................................................... 3, 5

*Henson v. Air Nat. Guard Air Force Rsrv. Command Test Ctr.*,
   No. 06-cv-00526, 2007 WL 2903993 (D. Ariz. 2007) .......................................... 3

*Mujica v. AirScan Inc.*,
   771 F.3d 580 (9th Cir. 2014) ............................................................................ 13

*N. Star Innovations, Inc. v. Etron Tech. Am. Inc.*,
   No. 16-cv-00599, 2016 WL 9046909 (C.D. Cal. Sept. 21, 2016) ...................... 3

*Sewald v. Pyatt & Silvestri, Chtd*,
   161 F. Supp. 2d 1074 (N.D. Cal. 2001) .............................................................. 4

*Simonya v. Ally Fin. Inc.*,
   No. 12-cv-08495, 2013 WL 45453 (C.D. Cal. Jan. 3, 2013) .......................... 6, 8

*Tanner v. Heise*,
   879 F.2d 572 (9th Cir. 1989) .............................................................................. 3

*Tarantino v. Gawker Media, LLC*,
   No. 14-cv-00603, 2014 WL 2434647 (C.D. Cal. Apr. 22, 2014) ................... 6, 8

*Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*,
   350 F. Supp. 3d 143 (E.D.N.Y. 2018) ......................................................... 10, 11

*Vivendi SA v. T-Mobile USA Inc.*,
   586 F.3d 689 (9th Cir. 2009) .......................................................................... 6, 8

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

**Statutes**

35 U.S.C. § 271(a) .................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 2, 4

Fed. R. Civ. P. 56 .............................................................................................................. 3, 4

Fed. R Civ. P. 8 ..................................................................................................................... 13

Defendant Southern California Design Company ("SCDC") respectfully submits the following memorandum of points and authorities in support of its motion to dismiss the Complaint for Patent Infringement and False Advertising (hereinafter "Complaint") by Taylor Made Golf Company, Inc. ("Taylor Made") as to SCDC, including all identified counts, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**I.   INTRODUCTION**

Taylor Made accuses each of Costco Wholesale Corp. ("Costco") and SCDC of infringing U.S. Patents Nos. RE47,653; 10,953,293; 11,351,426; 11,420,097; and 11,559,727 under 35 U.S.C. § 271(a) by allegedly "making, using, selling and/or offering to sell…, and/or importing "[1] Kirkland Signature® "Players Iron" golf clubs (the "accused products"). Taylor Made supports its claims against Costco with relatively specific factual allegations, such as its allegations that Costco made sales of the accused product through its website by December 2023. Complaint, Dkt. No. 1, ¶34. Taylor Made's accusations that SCDC infringed the asserted patents are, in comparison and by any measure, threadbare and insufficient to state a claim.

Taylor Made's Complaint states that SCDC infringes the asserted patents by manufacturing the accused products and selling them to Costco.[2] But the <u>only</u> factual allegation regarding SCDC's purported manufacturing is an unspecified "previous" USGA listing that (oddly) included the brand name "Indi Golf" (not SCDC) as the listed "manufacturer" of the accused products. Complaint, Dkt. No. 1, ¶36. As explained further below, this allegation does not provide a plausible basis to infer that SCDC manufactured the accused products. The remainder of Taylor Made's allegations are conclusory or based on "information and belief" and unsupported by

---

[1] This and similar language elsewhere in the Complaint is said to apply to "each Defendant" for each asserted patent. *See* Complaint, Dkt. No. 1, ¶¶41, 53, 59, 65, 71, 77.

[2] *See, e.g.,* Complaint, Dkt. No. 1, ¶¶11, 36, 37.

any alleged facts. There is therefore nothing in the Complaint to support a plausible inference that SCDC performed any of the alleged acts of patent infringement, let alone did so willfully.

The same is true for Taylor Made's claims that SCDC made statements constituting false advertising. In support of its false advertising claims, Taylor Made identifies allegedly false statements on Costco's website that were indicated to have been provided by "the manufacturer," but it alleges nothing about SCDC. Taylor Made's false advertising claim against SCDC rests entirely on the assumption that SCDC is the manufacturer of the accused products. As noted above, there is nothing in the Complaint that would support a plausible inference that SCDC is the manufacturer of the accused products.

By law, to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), Taylor Made must allege facts — not mere legal conclusions or threadbare recitals of the elements of the asserted claims — that are sufficient to raise the right to relief above the speculative level. It has not done so. Moreover, and as demonstrated by the accompanying Declaration of Robert Lang, CEO of SCDC ("Lang Declaration"), ¶¶1-21, Taylor Made could not do so.

The claims against SCDC should be dismissed.

## II. ARGUMENT

### A. Legal Standards

Pleadings in civil cases do not require "heightened fact pleading of specifics," but they do require the pleading of "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). The facts as pled must permit the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 570) (emphasis added).

"A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Under *Iqbal/Twombly*, pleadings containing mere conclusory statements are not entitled to a presumption of truth. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("[C]onclusory statements, which are not entitled to the presumption of truth, [are discounted] before determining whether a claim is plausible.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Unless the plaintiff has pleaded "enough facts to state a claim for relief that is plausible on its face," and thereby "nudged its claims . . . across the line from conceivable to plausible," the complaint "must be dismissed." *Twombly*, 550 U.S. at 570.

A claim for direct patent infringement requires that a party has committed acts of infringement, namely, that the party allegedly "makes, uses, offers to sell, or sells [the] patented invention, within the United States or imports into the United States" without authority. 35 U.S.C. § 271(a). Claims for direct patent infringement are subject to the pleading standards established in *Twombly/Iqbal*. *See, e.g.*, *N. Star Innovations, Inc. v. Etron Tech. Am. Inc.*, No. 16-cv-00599, 2016 WL 9046909, at *3 (C.D. Cal. Sept. 21, 2016) ("Thus, in patent cases, with regard to a direct infringement claim, a court need not accept as true conclusory legal allegations cast in the form of factual allegations." (internal quotations omitted)).

Material outside the pleadings, such as a sworn declaration, may properly be considered on a motion to dismiss, with the motion to dismiss being converted into one for summary judgment pursuant to Fed. R. Civ. P. 56. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989); *Henson v. Air Nat. Guard Air Force Rsrv. Command Test*

*Ctr.*, No. 06-cv-00526, 2007 WL 2903993, at *6–7 (D. Ariz. 2007*)* (adopting report and recommendation converting defendant's motion to dismiss supported by evidence from outside the pleadings including declarations to a motion for summary judgment.); *Sewald v. Pyatt & Silvestri, Chtd*, 161 F. Supp. 2d 1074, 1076 n.1 (N.D. Cal. 2001) ("As it relies on matters outside the pleadings, defendant's [Rule 12(b)(6)] motion is converted into a Rule 56 motion for summary judgment."); *Bell Atl. Bus. Sys. Servs. v. Hitachi Data Sys. Corp.*, 849 F. Supp. 702, 704 (N.D. Cal. 1994) ("If parties present matters outside the pleadings, and the court is willing to consider those matters, the court should convert the motion to a motion for summary judgment. . . . The parties before the Court have gone beyond the 'four corners' of the pleadings by submitting declarations and additional facts. . .. Accordingly, the Court will consider Defendants' motions as motions for summary judgment.").

**B.  Taylor Made's Complaint Fails to Plead any Claim of Patent Infringement by SCDC**

Taylor Made's Complaint against SCDC is based on the mistaken and unfounded allegation that SCDC manufactures the accused products and sells them to Defendant Costco. Because the Complaint fails to identify *any* plausible basis for these alleged acts and, moreover, could not possibly do so — as demonstrated by the Declaration of Robert Lang and the pleadings — the claims against SCDC should be dismissed.

**1.  Conclusory Statements of Infringement Are Insufficient as a Matter of Law**

The Complaint contains the following conclusory allegations, which are insufficient as a matter of law:

- Costco and SCDC have each directly infringed and continue to directly infringe, the asserted patents under 35 U.S.C. § 271(a) by making, using, selling and/or offering to sell, in this District and

- elsewhere in the United States, and/or importing into this District and elsewhere in the United States, the accused products, that is the Kirkland Signature® irons. Complaint, Dkt. No. 1, ¶41.

- [E]ach Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the [specified] patent by, among other things, making, using, selling, offering to sell, and/or importing the accused products that practice the [specified] patent claims without permission in violation of 35 U.S.C. § 271(a). Complaint, Dkt. No. 1, ¶¶53, 59, 65, 71, 77.

- On information and belief, Defendants have made, used, sold, offered to sell, imported and/or encouraged the making, using, selling, offering to sell, or importing of the accused products despite knowing of an objectively high likelihood that their actions constituted infringement of the asserted patents at all times relevant to this suit. Complaint, Dkt. No. 1, ¶43.

- Defendants' infringement of the asserted patents has been willful. Complaint, Dkt. No. 1, ¶44.

The above allegations are nothing more than "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). These allegations are merely conclusory recitations of the elements of direct and willful infringement. Such conclusory allegations are not entitled to a presumption of truth, and are not sufficient to establish that Taylor Made is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678; *Chavez*, 683 F.3d at 1108.

Accordingly, insofar as Taylor Made's conclusory statements of patent infringement are the basis for any of its claims of patent infringement, all such claims — including its claims of willful patent infringement — must be dismissed.

### 2. Allegations "On Information and Belief" that SCDC Sells the Accused Product to Defendant Costco Are Insufficient as a Matter of Law

The Complaint relies on allegations based solely "on information and belief" without any factual basis to allege that SCDC sells the accused products. The Complaint contains the following such allegations:

- On information and belief, SCDC … has sold infringing products to Costco. Complaint, Dkt. No. 1, ¶5.

- On information and belief, SCDC regularly and continuously transacts business in the District, including by … selling the infringing products. On information and belief, SCDC … sells the infringing products to Costco, which are then sold to customers in this District through Costco's retail locations. Complaint, Dkt. No. 1, ¶11.

- On information and belief, SCDC … sells the accused products to Costco. Complaint, Dkt. No. 1, ¶37.

The above allegations are insufficient as a matter of law because a patent plaintiff must plead facts sufficient to draw the reasonable inference that the accused product was actually made, used, sold, offered for sale, or imported by the accused infringer. *See Iqbal*, 556 U.S. at 678; 35 U.S.C. § 271(a). Allegations based solely on "information and belief" without any factual basis are insufficient to survive a motion to dismiss. *See, e.g., Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009) (claims for relief based on information and belief without sufficient factual support implausible); *Tarantino v. Gawker Media, LLC*, No. 14-cv-00603, 2014 WL 2434647, at *5 n.4 (C.D. Cal. Apr. 22, 2014) (the infringement allegations "are based on information and belief, and such allegations are insufficient as a matter of law"); *Simonya v. Ally Fin. Inc.*, No. 12-cv-08495, 2013 WL 45453, at *2 (C.D. Cal. Jan. 3, 2013) ("factual allegations . . . based on 'information and belief' and contain[ing]

nothing more than a rote recitation of the required elements of each respective claim . . . fall well short of the requirements set forth in *Iqbal*").

Taylor Made alleges entirely on "information and belief" that SCDC sells the accused products to Costco. Complaint, Dkt. No. 1, ¶5. It does not provide any specific facts in support of the allegation, and thus fails to identify *any* plausible basis for alleging SCDC sells the accused products to Costco. Indeed, there is nothing in the Complaint to even suggest that SCDC could be selling the accused product to Costco. To the contrary, the Complaint indicates that SCDC is doing business under the name "Indi Golf®" — not "Kirkland Signature®," the brand name of the accused products. Complaint, Dkt. No. 1, ¶34. Taylor Made's allegations of sales by SCDC to Costco thus fall well short of the requirements set forth in *Twombly/Iqbal*.

In fact, as provided by the sworn Declaration of Robert Lang, SCDC "has not sold, and does not sell anything to Costco"; "has not offered to sell, and does not offer to sell anything to Costco"; and "has not had, and does not have any contracts with Costco." Lang Declaration ¶¶6–8. As Mr. Lang also confirms, SCDC has its own registered trademark, Indi Golf®, and sells "Indi Golf®"-branded wedges and putters. *Id.,* ¶¶4, 15.

Accordingly, Taylor Made's allegations that SCDC sells the accused products to Costco cannot be the basis for any of its claims of patent infringement. Insofar as Taylor Made's claims of patent infringement depend on allegations of sales by SCDC of the accused products, they must be dismissed.

### 3. Allegations "On Information and Belief" that SCDC Imports the Accused Products for Defendant Costco Are Insufficient as a Matter of Law

Similarly, the Complaint relies on allegations based solely "on information and belief" without any factual basis to allege that SCDC <u>imports</u> the accused products. Such allegations include the following:

- On information and belief, SCDC has … imported infringing products into, the United States…. Complaint, Dkt. No. 1, ¶5.

- On information and belief, the accused products are … imported into the United States by or at the direction of SCDC and/or Costco. Complaint, Dkt. No. 1, ¶37.

As noted above, allegations of patent infringement based solely on "information and belief" without any factual basis are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; 35 U.S.C. § 271(a); *see, e.g., Vivendi SA*, 586 F.3d at 694; *Tarantino*, 2014 WL 2434647, at *6 n.4; *Simonya*, 2013 WL 45453, at *2.

Taylor Made's allegations that SCDC imports the accused products on behalf of Costco are based solely on "information and belief." Taylor Made does not provide any specific allegations of fact in support of the allegation, and thus fails to identify any plausible basis for alleging SCDC imports the accused products.

In fact, as provided by the sworn Declaration of Robert Lang, "SCDC has not imported, and does not import Kirkland Signature® golf irons, including the golf irons that are accused of patent infringement in this litigation." Lang Declaration ¶10.

Accordingly, Taylor Made's allegations that SCDC imports the accused products cannot be the basis for any of its claims of patent infringement. Insofar as Taylor Made's allegations that SCDC imports the accused products for Costco are the basis for any of its claims of patent infringement, such claims must be dismissed.

### 4. Allegations that SCDC Manufactures the Accused Products Are Implausible and Cannot be Pled with Sufficient Particularity

The factual allegations in the Complaint do not support a plausible inference that SCDC manufactures the accused products. As explained above, a plaintiff must plead sufficient factual allegations to show it is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678. To meet the plausibility standard, a plaintiff must plead "factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The only specifically identified "act" pertaining to SCDC's alleged manufacturing of the accused products is a "previous" listing of the accused products on the United States Golf Association (the "USGA") "conforming clubs list" that identified "Indi Golf" as the "manufacturer." Complaint, Dkt. No. 1, ¶36 ("Costco contracted with Defendant SCDC to design and manufacture the accused products. The accused products were previously listed on the [USGA] conforming clubs list, which identifies clubs that USGA certifies as meeting the rules of golf and identifies the manufacturer of the club. The listing of the accused products on the conforming list stated that the manufacturer was 'Indi Golf.'") Notably, Taylor Made did not attach a copy of or provide a link to this "previous listing" in its Complaint. Taylor Made nonetheless relies entirely on this "previous listing" as the basis for its allegations that SCDC manufactures the accused products.

As Mr. Lang's declaration confirms, "Indi Golf" was listed in the "manufacturer" field in the USGA's Informational Club Database ("Database") for Kirkland Signature® irons for around two months in late 2022. Lang Declaration ¶21. However, this listing was in error and was corrected as of January 9, 2023 – almost a year before the accused products were alleged to be sold and over a year before Taylor Made filed the Complaint. *Id*.

The Database upon which Taylor Made appears to base its infringement allegations does identify SCDC in the "manufacturer" field for an unaccused design of Kirkland Signature® irons that was not and is not being sold — even though SCDC does not manufacture the irons. *Id.* ¶19. As Mr. Lang explains, the purpose of the Database is to allow people to search by club name to determine whether particular clubs conform to the Rules of Golf. *Id.* ¶¶16–17. The Database does not necessarily identify the manufacturer, though. If the submission to the Database does not identify a manufacturer, the Database will list the submitter as the manufacturer. *Id.* ¶18.

In any event, neither SCDC nor Indi Golf® are now or were, at the time of filing of the Complaint, listed in the "manufacturer" field in the Database for the accused Kirkland Signature® irons. *Id.* ¶¶19–21.

Taylor Made's allegation that SCDC is the manufacturer of the accused product thus relies completely on an early and dubious identification of SCDC as the manufacturer that was promptly removed. Taylor Made's obtuse pleading of such alleged facts does not support a reasonable inference that SCDC manufactures the accused products and thus does not satisfy the *Twombly/Iqbal* standard for pleading patent infringement.

The Complaint includes allegations that SCDC both "designed and manufactures the accused products." Complaint, Dkt No. 1, ¶37. Taylor Made's statements alleging "design" are always accompanied by statements alleging "manufacture." *See id.*, ¶¶11, 36, 37. Mere "design" of an allegedly infringing product is not an act of infringement under the Patent Act, which provides a list of acts that constitute patent infringement. 35 U.S.C. §271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent"); *see, e.g.*, *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 163 (E.D.N.Y. 2018) ("a mere allegation of title and role [as designer], without facts that describe defendants' actions in making, selling or using an infringing patent will not suffice. The mere drafting of designs for the accused [products] would be insufficient to sustain a claim [of patent infringement]"). Thus, the pleading that SCDC designed the accused products does not state a claim for patent infringement.

It is undisputed that "SCDC is a consulting firm with expertise in product design." Lang Declaration ¶3. SCDC also admits that it produced computer aided design (CAD) drawings for the golf irons accused of patent infringement in this litigation. Lang Declaration ¶14. But designing is not sufficient to constitute patent

infringement absent actions in making, selling, using, or importing an infringing product. *See Uni-Sys.,* 350 F. Supp. 3d at 153. As discussed above and as Mr. Lang's declaration confirms, SCDC does not sell, import, or manufacture the allegedly infringing goods. Lang Declaration ¶¶6–10. Taylor Made therefore does not and cannot plead facts sufficient to plausibly support a conclusion that SCDC has committed the alleged acts of infringement.

The only other alleged facts in the Complaint pertaining to SCDC are citations to unreliable internet "chatter" or "talk." The Complaint cites a comment to a post on Reddit, a social news website and forum,[3] stating that the contributor "read on Golf Spy that the manufacturer is a company named Indi Golf." Complaint, Dkt. No. 1, ¶51. Neither Taylor Made nor the quoted Reddit contributor cites any Golf Spy post that says Indi Golf® is the manufacturer.[4] Furthermore, Taylor Made fails to mention that the quoted comment received two replies stating that Indi Golf® is <u>not</u> a manufacturer. Makinde Declaration ¶3, Exhibit 2. (Reddit user gabbagoolgolf2 comments, "Indi golf is a design firm not a manufacturer." Reddit user skycakes10 comments, "'Designer not manufacturer' means it's probably the opposite. Indi designs their putters and wedges and someone else makes them …."). Taylor Made's cited Reddit comment is thus facially uncredible and unpersuasive. Taylor Made's pleading of such contradictory Reddit comments does not constitute factual allegations sufficient to infer that SCDC manufactures the allegedly infringing products.

It makes no sense to allege that SCDC manufactures the accused products. SCDC is a consulting firm with expertise in product design, not a manufacturing company. Lang Declaration ¶¶3, 13, 14. SCDC sells golf clubs under the Indi Golf®

---

[3] "Reddit is a social news website and forum where content is socially curated and promoted by site members through voting." Makinde Declaration ¶2, Exhibit 1.

[4] The Golf Spy article that Taylor Made references in ¶51 of the Complaint does not mention SCDC or Indi Golf®.

brand, but it does not manufacture them, and it sells only putters and wedges — not irons. Lang Declaration ¶¶4, 15. The accused products are a seven piece set of irons. Complaint, Dkt. No. 1, ¶34. There is no plausible basis to infer that SCDC is manufacturing a full set of Kirkland Signature® golf irons for Costco. Lang Declaration ¶¶6–10.

In view of the foregoing, Taylor Made has not pled sufficient facts to allow the Court to reasonably infer that SCDC manufactures the accused products. Accordingly, insofar as Taylor Made's allegations that SCDC manufactures the accused products for Costco are the basis for any of Taylor Made's claim of patent infringement, such claims must be dismissed.

### C. Taylor Made's Complaint Fails to Plead a Claim of False Advertising by SCDC

The Complaint alleges that SCDC engaged in false advertising through statements made on Costco's website. Specifically, Taylor Made alleges that Costco's website states that the accused products include an "injected urethane insert" when the accused products "do not contain 'an injected urethane insert.'" Complaint, Dkt. No. 1, ¶¶47–48. Taylor Made further alleges that this alleged false advertising is attributable to SCDC because "Costco's website for the accused products notes that these statements are provided 'by the manufacturer.'" Complaint, Dkt. No. 1, ¶49.

Taylor Made's claim of false advertising against SCDC relies entirely on its allegation that SCDC is the manufacturer of the accused product. However, as established above, Taylor Made has failed to plead sufficient facts to support a reasonable inference that the SCDC is the manufacturer of the accused products.

Since Taylor Made has failed to sufficiently plead that SCDC is the manufacturer of the accused products, the statements on Costco's website cannot be attributed to SCDC. Taylor Made has therefore not pled facts sufficient to infer that

SCDC made false statements of fact in a commercial advertisement about its own product, and thus fails to plead a prima facie case of false advertising against SCDC.

Accordingly, Taylor Made's claim for false advertising must be dismissed.

## III. CONCLUSION

As explained by the Supreme Court in its *Iqbal* decision, Fed. R. Civ. P. 8 is a more liberal pleading standard but it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. A plaintiff "must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 n.7 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 559). Because Taylor Made's Complaint fails to plead any plausible facts to support a claim of patent infringement or false advertising with respect to SCDC, its claims against SCDC should be dismissed.

For the foregoing reasons, SCDC respectfully requests that the Court dismiss all of the claims of patent infringement and the claim of false advertising with respect to SCDC.

Respectfully submitted,

Dated: March 28, 2024          By:  /s/ Frank L. Bernstein

**SQUIRE PATTON BOGGS (US) LLP**
Frank L. Bernstein (SBN: 189504)
frank.bernstein@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Hannah Makinde (SBN: 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581

Christopher Lorenzo Lewis
(*pro hac vice pending – OH SBN: 100158*)
chris.lewis@squirepb.com
1000 Key Tower, 127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780

*Attorneys for Defendant Southern California Design Company*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304