JOHN CHRISTOPHER (J.C.) ROZENDAAL
  jcrozendaal@sternekessler.com
BYRON PICKARD
  bpickard@sternekessler.com
ROBERT NIEMEIER
  rniemeier@sternekessler.com
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1101 K Street, NW 10th Floor
Washington, DC 20005
Phone: (202) 371-2600

KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Taylor Made Golf Company, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR MADE GOLF COMPANY, INC., | CASE NO. 3:24-cv-00212-AGS-VET |
| Plaintiff, | Judge: Hon. Andrew G. Schopler |
| v. | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND FALSE ADVERTISING** |
| COSTCO WHOLESALE CORP., SOUTHERN CALIFORNIA DESIGN COMPANY d/b/a INDI GOLF, and SM GLOBAL, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | Filed: May 31, 2024 |

Plaintiff, Taylor Made Golf Company, Inc. ("Taylor Made" or "Plaintiff") brings this Complaint against Defendants Costco Wholesale Corporation ("Costco"), Southern California Design Company d/b/a Indi Golf ("SCDC"), and SM Global, LLC ("SM Global") (collectively "Defendants"). In support of this Complaint, Taylor Made alleges as follows:

16456611.1

**FIRST AMENDED COMPLAINT**

## NATURE OF THIS ACTION

1.       This is an action for patent infringement brought by Taylor Made against Defendants pursuant to 35 U.S.C. §§ 271 and 281–285 for Defendants' infringement of U.S. Patent Nos. RE47,653 ("the '653 patent"); 10,953,293 ("the '293 patent"); 11,351,426 ("the '426 patent"); 11,420,097 ("the '097 patent"); and 11,559,727 ("the '727 patent") (collectively "the asserted patents"), and for false advertising for Defendants' false and misleading statements in violation of the Lanham Act (15 U.S.C. § 1125(a)).

## PARTIES

2.       Taylor Made is a Delaware corporation with its principal place of business at 5545 Fermi Court, Carlsbad, California 92008.

3.       Costco is a Washington corporation, with a principal place of business located at 999 Lake Dr., Issaquah, WA 98027. On information and belief, Costco operates one or more physical stores in this District, including at least stores at 650 Gateway Center Dr., San Diego, CA 92102, and 951 Palomar Airport Road, Carlsbad, CA 92011.

4.       Costco has sold and offered to sell infringing products at least through its website, Costco.com, to consumers in this District, throughout the State of California, and throughout the United States.

5.       SCDC is a California corporation with a principal place of business located at 2205 Faraday Avenue, Suite A, Carlsbad, California 92008. SCDC has registered "Indi Golf" as a tradename and has in fact done business as Indi Golf. On information and belief, SCDC has used and manufactured infringing products in, or imported infringing products into, the United States and has sold infringing products to Costco.

6.       SM Global is a California corporation with a principal place of business located at 9461 Charleville Boulevard, #326, Beverly Hills, California 90212. On information and belief, SM Global has used and manufactured infringing

2

16456611.1

products in, or imported infringing products into, the United States and has sold infringing products to Costco.

## JURISDICTION AND VENUE

7.    These claims arise under the patent laws of the United States of America, 35 U.S.C. §§ 1 *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.    This Court has personal jurisdiction over Defendant Costco because, among other things, Costco's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic contacts with the state of California and this District.

9.    On information and belief, Costco: (1) intentionally markets and sells the infringing products to residents in this District; (2) enjoys substantial income from this District; and (3) owns and operates several stores in this District and throughout California.

10.    Venue is proper in this District as to Costco pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because (i) Costco has committed acts of infringement in this District at least by selling and offering to sell the infringing products within the District, (ii) Costco has made false and misleading statements in this District and to consumers residing in this District, and (iii) Costco maintains a regular and established place of business in this District.

11.    This Court has personal jurisdiction over Defendant SCDC because, among other things, SCDC is incorporated in the State of California and has its principal place of business in this District. SCDC also conducts business in this District; purposefully avails itself to the rights and benefits of California law; and has substantial, continuous, and systematic contacts with the state of California and this District.

**FIRST AMENDED COMPLAINT**

16456611.1

12.     On information and belief, SCDC regularly and continuously transacts business in the District, including by designing, using, making, importing, and selling the infringing products. On information and belief, SCDC designs, manufactures, or imports the infringing products on behalf of Costco and directly or indirectly sells the infringing products to Costco, which then sells the infringing products to customers in this District through Costco's retail locations.

13.     Venue is proper in this District as to SCDC pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because SCDC is incorporated in California and has a principal place of business in this District.

14.     This Court has personal jurisdiction over Defendant SM Global because, among other things, SM Global is incorporated and has its principal place of business in the State of California. SM Global also conducts business in this District; purposefully avails itself to the rights and benefits of California law; and has substantial, continuous, and systematic contacts with the state of California and this District.

15.     On information and belief, SM Global regularly and continuously transacts business in the District, including by making, importing, and selling the infringing products.  On information and belief, SM Global manufactures or imports the infringing products on behalf of Costco and directly or indirectly sells the infringing products to Costco, which then sells the infringing products to customers in this District through Costco's retail locations.

16.     Venue is proper in this District as to SM Global pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b) because (i) SM Global has committed acts of infringement in this District at least by making, using, importing, offering to sell, or selling the infringing products within the District; and (ii) SM Global is incorporated in California and subject to this Court's personal jurisdiction.

**FIRST AMENDED COMPLAINT**

16456611.1

1

## BACKGROUND

2      17.    Taylor Made is the world's leading designer and innovator of golf

3   clubs and has been at the forefront of innovation and technology in the golf industry

4   for over 40 years. Taylor Made's history of innovation includes the P790 irons.

5   These innovative golf clubs were developed by Taylor Made and revolutionized the

6   filled-iron category upon their 2017 launch.

7

8

9

10

11

12

13

14

15

16      18.    The P790 irons incorporated a host of technologies that aided golf

17   players in improving distance, feel, forgiveness, and playability. These technologies

18   included a body comprised of specifically chosen alloys and shaped to distribute

19   weight; an internal cavity filled with a proprietary SpeedFoam™ polymer; and

20   tungsten weights to further optimize the weight distribution. Each of these features

21   were innovative and designed to help golfers improve their distance, consistency,

22   and accuracy. An exploded view of the P790 irons is shown below.

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

16456611.1

19.    Taylor Made has continued to innovate and refine its P790 irons since their launch in 2017 and further improve performance for golfers the world over. As a result the P790 irons have been both critically acclaimed and in high demand from golf consumers.

20.    Included in the features of the P790 irons are a number of breakthrough inventions created by Taylor Made employees that are covered by issued U.S. patents.

21.    Taylor Made marks each P790 iron with "Pat. at taylormadegolf.com/pat."  The URL appears on a label affixed to the shaft of the 7-iron in each set of P790 clubs. The website states "[i]n accordance with Section 287(a) of Title 35 of the United States Code, the reader is hereby placed on notice of Taylor Made Golf Company's rights in the United States Patents listed on this site and associated with the following products." The website lists the patents that are encompassed by the P790 irons, which includes each of the asserted patents.

## The Asserted Patents

### I.    The '653 Patent

22.    On October 22, 2019, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '653 patent, entitled "Golf Club Head." A

16456611.1

true and correct copy of the '653 patent is attached as Exhibit 1. The inventors of the '653 patent are Bret H. Wahl, Peter L. Larsen, and Loren Stowe.

23.    The '653 patent is a reissue of U.S. Patent No. 9,265,995, which issued from a continuation application of Application No. 13/960,554. The Application No. 13/960,554, including continuations, divisions, and reissues, was assigned from the inventors to Taylor Made Golf Company, Inc. on August 22, 2013. Taylor Made thus owns all rights and title to the '653 patent and has standing to assert this patent.

24.    The '653 patent is valid and enforceable.

**II.    The '293 Patent**

25.    On March 23, 2021, the USPTO duly and legally issued the '293 patent, entitled "Golf Club Head." A true and correct copy of the '293 patent is attached as Exhibit 2. The inventors of the '293 patent are Paul M. Demkowski, Bret H. Wahl, Scott Taylor, and Sanjay Kuttappa.

26.    The '293 patent is a continuation of Application No. 15/706,632. Application No. 15/706,632, including continuations, divisions, and reissues, was assigned from the inventors to Taylor Made Golf Company, Inc. by March 7, 2019. Taylor Made thus owns all rights and title to the '293 patent and has standing to assert this patent.

27.    The '293 patent is valid and enforceable.

**III.    The '426 Patent**

28.    On June 7, 2022, the USPTO duly and legally issued the '426 patent, entitled "Golf Club Head." A true and correct copy of the '426 patent is attached as Exhibit 3. The inventors of the '426 patent are Paul M. Demkowski, Bret H. Wahl, Scott Taylor, and Sanjay Kuttappa.

29.    The '426 patent is a continuation of Application No. 16/800,811, which itself is a continuation of Application No. 15/706,632. Application No. 15/706,632, including continuations, divisions, and reissues, was assigned from the

**FIRST AMENDED COMPLAINT**

16456611.1

inventors to Taylor Made Golf Company, Inc. by March 7, 2019. Taylor Made thus owns all rights and title to the '426 patent and has standing to assert this patent.

30.    The '426 patent is valid and enforceable.

**IV.    The '097 Patent**

31.    On August 23, 2022, the USPTO duly and legally issued the '097 patent, entitled "Golf Club Head." A true and correct copy of the '097 patent is attached as Exhibit 4. The inventors of the '097 patent are Paul M. Demkowski, Bret H. Wahl, and Scott Taylor.

32.    The '097 patent is a continuation of Application No. 16/720,678, which itself is a continuation of Application No. 15/394,549. Application No. 15/394,549, including continuations, divisions, and reissues, was assigned from the inventors to Taylor Made Golf Company, Inc. by September 26, 2017. Taylor Made thus owns all rights and title to the '097 patent and has standing to assert this patent.

33.    The '097 patent is valid and enforceable.

**V.    The '727 Patent**

34.    On January 24, 2023, the USPTO duly and legally issued the '727 patent, entitled "Golf Club Head." A true and correct copy of the '727 patent is attached as Exhibit 5. The inventors of the '727 patent are Paul M. Demkowski, Matt Bovee, Mike Walker, Boo Ohashi, and Connor Halberg.

35.    The '727 patent issued from Application No. 17/087,596. Application No. 17/087,596, including continuations, divisions, and reissues, was assigned from the inventors to Taylor Made Golf Company, Inc. by November 25, 2020. Taylor Made thus owns all rights and title to the '727 patent and has standing to assert this patent.

36.    The '727 patent is valid and enforceable.

## Defendants' Acts of Infringement

37.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

**FIRST AMENDED COMPLAINT**

16456611.1

38.    Costco is a large multi-national retail corporation known for its chain of warehouse stores. Costco sells a variety of products including food, electronics, clothing, and sporting goods. In addition to selling products from third-party brands, Costco also offers its own "house" brand of products under the Kirkland Signature™ name.

39.    Among the products sold under the Kirkland Signature™ brand are golf clubs, including a Kirkland Signature™ Players Iron set (the "accused products"), pictured below. Costco began selling and offering for sale the accused products through its website by December 2023. *See* https://www.costco.com/kirkland-signature-7-piece-players-iron-set%2C-right-handed.product.4000236767.html (last visited April 16, 2024).



40.    The accused products copy many features and technologies from Taylor Made's P790 irons and the asserted patents. Costco's website stated that the accused products "are built for distance and forgiveness with a stainless steel body, injected urethane insert, and an internal tungsten weight for optimal launch, forgiveness, and playability." *Id.* The website also provided a diagram of its irons showing the body of the club, the internal cavity, urethane insert, and tungsten weight.

**FIRST AMENDED COMPLAINT**

16456611.1

41.    Costco engaged one or both of SCDC or SM Global to design, manufacture, or import the accused products.

42.    By at least December 31, 2022, the accused products were listed on the United States Golf Association ("USGA") conforming clubs list, which identifies clubs that USGA certifies as meeting the rules of golf and identifies the manufacturer of the club, and listed that the manufacturer was "Indi Golf." To be listed on the USGA conforming clubs list, a mock-up, prototype, first article, or production golf club head would need to be submitted to USGA to obtain its approval. It is routine, and in most cases necessary, that a club maker first use a club before seeking USGA approval for inclusion of that club on the conforming clubs list.

43.    SCDC offered its product development services to Costco. SCDC's website states that it "is a full-service product development consulting firm with expertise in sustainable product design, user experience, engineering, branding, marketing, sourcing, production, logistics, eco-friendly manufacturing, and global supply chain management." https://scdesignco.com/ (last visited April 16, 2024). SCDC identifies Kirkland Signature™, Costco's brand under which the accused products are identified and sold, as a client. *Id.*

10

16456611.1

44.     SM Global offered its services to Costco and Taylor Made. SM Global's website states that its "services encompass planning, sourcing, distribution, packaging, and logistics for a wide range of products." https://www.smglobalkorea.com/?lang=en (last visited April 16, 2024). SM Global identifies Costco Wholesale and Kirkland Signature as partners. *Id.*

45.     Import records show that three shipments were imported into the United States on May 11, 2023, and May 15, 2023, from China to the ports of Long Beach and Los Angeles in California. These shipments were labeled "Golf Clubs Complete," and the consignee of record was Defendant SM Global. On information and belief, these shipments contained sets of the accused products. On information and belief, the imported accused products were sold or offered for sale by SM Global to Costco.

46.     On December 9, 2023, Costco began selling the accused products and at least through its website to customers in the United States. On information and belief the accused products offered for sale in December 2023 were imported into the United States in the May 2023 shipments.

47.     On December 12, 2023, counsel for Taylor Made sent a letter to Costco's general counsel advising Costco that Taylor Made is the owner of certain patents directed to golf clubs and specifically identified each of the asserted patents. A copy of the letter is attached as Exhibit 6. The letter further requested that Costco contact Taylor Made's counsel were Costco to have any questions regarding Taylor Made's patent portfolio.

48.     Following receipt of the December 12th letter, by at least December 28, 2023, the listing for the accused products on Costco's website was taken down. *See* https://www.reddit.com/r/golf/comments/18tetp7/kirkland_irons_and_driver_now_no_longer_listed_on/?rdt=33271 (last visited April 16, 2024) (post-dated December 28, 2023, noting the website listing for the accused products was inaccessible);

**FIRST AMENDED COMPLAINT**

16456611.1

1   https://web.archive.org/web/20231230043021/https://www.costco.com/kirkland-

2   signature-7-piece-players-iron-set%2C-right-handed.product.4000236767.html (last

3   visited April 16, 2024) (showing the listing for the accused products on Costco's

4   website was inaccessible on December 30, 2023).

5       49.    Costco was aware of Taylor Made's patents covering golf clubs at least

6   as of the December 12th letter. Costco removed the listing for the accused products

7   from its website because it knew of Taylor Made's patents covering the accused

8   products and was aware or willfully blind to the fact that the accused products

9   infringed the asserted patents.

10      50.    According to import records, on December 22, 2023, and December

11  28, 2023, an additional four shipments labeled as "Golf Clubs Complete" were

12  imported from China into the United States through the port of Long Beach,

13  California. The consignee was identified as a related entity to Defendant SM

14  Global—SM Global Korea Co., Ltd. On information and belief, each of these

15  shipments contained sets of the accused products. On information and belief, the

16  imported accused products were sold or offered for sale by SM Global to Costco.

17      51.    In January 2024, the webpage for the accused products was again made

18  accessible and Costco resumed selling the accused products. Social media postings

19  showed that the accused products were available for sale from Costco again via its

20  website on or around January 10, 2024. *See*

21  https://www.instagram.com/p/C18ZXKruBpn/ (last visited April 16, 2024);

22  https://slickdeals.net/f/17225779-kirkland-signature-irons-back-in-stock-499-

23  99#commentsBox (last visited April 16, 2024). On information and belief, the

24  accused products offered for sale in January 2024 were imported into the United

25  States in the May 2023 or December 2023 shipments.

26      52.    On January 31, 2024, Taylor Made filed suit against Costco and SCDC

27  by filing its original Complaint in this action (Dkt. No. 1).

28

53.    By at least March 21, 2024, the listing of the accused products on the USGA conforming list had been changed and now states that the manufacturer is "SM Global, LLC." Again, to be listed on the USGA conforming clubs list, a mock-up, prototype, first article, or production golf club head would need to be submitted to USGA to obtain its approval. And it is routine, and in most cases necessary, that a club maker first use a club before seeking USGA approval for inclusion of that club on the conforming clubs list.

54.    On February 9, 2024, a representative of SM Global contacted Taylor Made requesting a meeting to discuss Taylor Made's lawsuit against Costco and SCDC.

55.    Importation records show that two additional shipments of "Golf Clubs Complete" were imported from China into the United States on March 27, 2024 through the port of Los Angeles, California. Defendant SM Global was listed as the consignee. On information and belief, these shipments contain sets of the accused products. SM Global imported the accused products in March 2024 and sold, or offered to sell, the accused products to Costco despite knowing of Taylor Made's lawsuit, the asserted patents, and that the accused products infringed the asserted patents.

56.    On information and belief, SCDC, SM Global, or both in concert with one another use, manufacture, or import the accused products for Costco and sells the accused products to Costco. On information and belief, the accused products are made by or at the direction of SCDC, SM Global, Costco, or a combination of SCDC, SM Global, and Costco in concert with one another in the United States or are imported into the United States by or at the direction of SCDC, SM Global, Costco, or a combination of SCDC, SM Global, and Costco in concert with one another.

57.    On information and belief, the accused products directly copy the patented features of the P790 irons, including features covered by the asserted

**FIRST AMENDED COMPLAINT**

patents. The president of SCDC, Travis Downing, previously worked at Taylor Made headquarters alongside Taylor Made engineers in the Research and Development department during the development of the P790 irons and the prosecution of the asserted patents. As a result, Travis Downing knew or should have known of the P790 irons and of Taylor Made's patents covering the P790 irons. On information and belief, Travis Downing was President of SCDC during the entirety of the design, manufacture, importation, use, and sale of the accused products and was involved in those activities. As a result, SCDC designed, manufactured, imported, used, or sold the accused products despite having knowledge of the asserted patents and knowing or being willfully blind to the fact that the accused products infringe the asserted patents.

58.     On information and belief, SCDC and SM Global continue to design, make, use, sell, offer for sale, or import into the United States the accused products for, or at the direction of, Costco.

59.     On information and belief, Costco continues to sell, offer for sale, or import into the United States the accused products, or directs and induces SM Global to import into the United States and sell the accused products.

60.     On information and belief, Costco intends to make future sales of the accused products, as shown by Costco's maintenance of the website listing of its accused products. *See* https://www.costco.com/kirkland-signature-7-piece-players-iron-set%2C-right-handed.product.4000236767.html (last visited April 16, 2024).

61.     As set forth below and more fully in the claim charts appended to this Complaint, the accused products incorporate, without permission or license from Taylor Made, the inventions claimed in the asserted patents. Taylor Made respectfully seeks relief from this Court for Defendants' infringement.

62.     Costco, SCDC, and SM Global have each directly infringed and continue to directly infringe the asserted patents under 35 U.S.C. § 271(a) by making, using, selling, or offering to sell, in this District and elsewhere in the

United States, or importing into this District and elsewhere in the United States, the accused products, that is the Kirkland Signature™ irons.

63.    SCDC, SM Global, or both in concert with one another have indirectly infringed and continue to indirectly infringe the asserted patents under 35 U.S.C. § 271(b) by actively inducing Costco to directly infringe the asserted patents under 35 U.S.C. § 271(a) in this District and elsewhere in the United States.

64.    SCDC has indirectly infringed and continues to indirectly infringe the asserted patents under 35 U.S.C. § 271(b) by actively inducing SM Global to directly infringe the asserted patents under 35 U.S.C. § 271(a) by making, selling, or importing into the United States the accused products in this District or elsewhere in the United States.

65.    SCDC knew that the accused products it designed or made would be made, used, or imported into the United States by Costco or SM Global, and SCDC intended for Costco and SM Global to commit those infringing acts. SCDC's use of the technology claimed in the asserted patents to design the accused products encouraged SM Global, or Costco, or both to infringe the asserted patents.

66.    As described above, SCDC, through its President, Travis Downing, knew of the P790 irons, Taylor Made's patents covering the P790 irons, including the asserted patents, and knew generally of Taylor Made's status as an innovator and its marking of its patents on its products, including the P790 irons. SCDC further knew that its designs would result in the manufacture, sale, or importation of the accused products by Costco or SM Global and that these acts constituted direct infringement of the asserted patents. SCDC also knew of the asserted patents and the acts of direct infringement by Costco as of January 31, 2024 when Taylor Made filed its Complaint, or at the latest by February 6, 2024 when the Complaint was served upon SCDC. Dkt. No. 10.

67.    Alternatively, SCDC knew that its designs would result in the manufacture, sale, or importation of the accused products by Costco or SM Global

**FIRST AMENDED COMPLAINT**

and was willfully blind by deliberately disregarding the likelihood that these acts directly infringed the asserted patents. Namely, given Travis Downing's past work experience and familiarity with the P790 irons and Taylor Made's patents, and the marking of the P790 irons with the asserted patents, SCDC had or should have had a subjective belief that making, using, selling, or importing the accused products constituted infringement of the asserted patents. Further, if SCDC did not have actual knowledge of the acts of infringement, it was as a result of Travis Downing deliberately choosing not to compare the accused products he was involved in designing to the asserted patents, which he knew of or should have known of.

68.    SM Global has indirectly infringed and continues to indirectly infringe the asserted patents under 35 U.S.C. § 271(b) by actively inducing Costco to directly infringe the asserted patents under 35 U.S.C. § 271(a) by offering to sell and selling the accused products.

69.    SM Global knew that the accused products it made, sold, or imported would be made, used, or imported into the United States, and offered for sale and sold by Costco, and SM Global intended for Costco to commit those infringing acts. SM Global encouraged Costco to infringe the asserted patents by selling or importing the accused products.

70.    SM Global had business discussions with Taylor Made in the past and was therefore aware of Taylor Made's products—including the P790 irons—and Taylor Made's patents and marking of its patents on the P790 irons. On information and belief, Costco or SCDC either provided a copy of the original Complaint or relayed the allegations contained therein to SM Global on or before February 9, 2024. A representative of SM Global contacted Taylor Made on February 9, 2024 requesting a discussion regarding the allegations in the original Complaint. SM Global's knowledge of the allegations in the Complaint is also supported by Defendants' intentional modification of the statements regarding the purported "injected urethane insert" made by Defendants, including SM Global, on Costco's

**FIRST AMENDED COMPLAINT**

website for the accused products following service of the allegations in Taylor Made's January 31, 2024 original Complaint, which identified this statement as false. *See infra* ¶¶ 81–87. Therefore, SM Global was at least aware of the asserted patents and that making, selling, or importing the accused products constituted infringement by no later than February 9, 2024. SM Global further knew of the sale of the accused products by Costco and that these acts constituted direct infringement of the asserted patents.

71.     Alternatively, SM Global was willfully blind to the infringing acts of offering to sell and selling of the accused products by deliberately disregarding the likelihood that these acts directly infringed the asserted patents. Namely, given SM Global's past relationship with Taylor Made and familiarity with the P790 irons and Taylor Made's patents, and the marking of the P790 irons with the asserted patents, SM Global had or should have had a subjective belief that making, using, selling, or importing the accused products in the course of its relationship with client Costco Wholesale or Kirkland Signature constituted infringement of the asserted patents. Further, if SM Global did not have actual knowledge of the acts of infringement, it was as a result of its deliberate action to not review the detailed infringement allegations in the original Complaint.

72.     Costco had actual notice of its infringement of the asserted patents by importing or selling the accused products by December 28, 2023 after it had received notice of Taylor Made's patents in the December 12, 2023 notice letter. This is evidenced by Costco's actions to remove the website listing for the accused products on or around December 28, 2023. At the latest, Costco had actual notice of the asserted patents and its infringement of the asserted patents via the accused products by no later than February 6, 2024; the date when the original Complaint was served on Costco. Dkt. No. 9.

73.     SCDC had actual notice of its infringement throughout the design and manufacture of the accused products as a result of Travis Downing's former work at

**FIRST AMENDED COMPLAINT**

16456611.1

Taylor Made during the development of the P790. The accused products were designed and made no later than December 2022 when they were listed on the USGA conforming list and therefore, SCDC would have had actual knowledge of both the asserted patents and that making, using, importing or selling, the accused products constituted infringement of the asserted patents by that date. At the latest, SCDC had actual notice of the asserted patents and its infringement of the asserted patents via the accused products by no later than February 6, 2024; the date when the original Complaint was served on SCDC. Dkt. No. 10.

74.     SM Global had actual notice of its infringement by February 9, 2024. On information and belief, SM Global either received a copy of the original Complaint, or was informed of the allegations of infringement by the accused products contained therein by Costco or SCDC by no later than February 9, 2024. SM Global's knowledge of the asserted patents and the infringement allegations against the accused products is confirmed by SM Global's message to Taylor Made on February 9, 2024 seeking to discuss the allegations.

75.     At the very latest, Defendants received actual notice of their infringement as of the date of service of this First Amended Complaint. Therefore, each Defendant was or is now aware of the asserted patents and the accused products' infringement thereof.

76.      On information and belief, Defendants have made, used, sold, offered to sell, or imported or encouraged the making, using, selling, offering to sell, or importing of the accused products, despite knowing of an objectively high likelihood that their actions constituted infringement of the asserted patents at all times relevant to this suit.

77.     On information and belief, SCDC and SM Global encouraged Costco to make, use, sell, offer to sell, or import the accused products, knowing that Costco would sell or offer to sell the accused products in the United States and knowing that those acts would constitute infringement of the asserted patents.

**FIRST AMENDED COMPLAINT**

16456611.1

78.    For the reasons described above, Defendants' direct infringement of the asserted patents has also been willful.

79.    Defendants' acts of infringement have caused damage to Taylor Made. Taylor Made is entitled to recover from Defendants the damages incurred by Taylor Made as a result of Defendants' wrongful acts.

## Defendants' Acts of False Advertisement

80.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81.    Defendants have advertised the accused products to the public via Costco's web store. Costco's website listing the accused products for sale stated that "[t]he Kirkland Signature Players Distance Irons are built for distance and forgiveness with a[n] . . . injected urethane insert." https://www.costco.com/kirkland-signature-7-piece-players-iron-set%2C-right-handed.product.4000236767.html (last visited January 29, 2024).



82.    The accused products, however, do not contain an "injected urethane insert."

83.    Costco's website for the accused products stated that these statements are provided "by the manufacturer." *Id.* Thus, on information and belief, Costco, SM Global, and SCDC have each committed acts of direct false advertisement by

**FIRST AMENDED COMPLAINT**

16456611.1

making false statements of fact in a commercial advertisement about their own product. Defendants' false advertising is available on Costco's website, which is available to consumers throughout the United States and offers the accused products for sale throughout the United States. Defendants have caused their false statements regarding the accused products to enter interstate commerce.

84.     Alternatively, SCDC and SM Global have each committed acts of contributory false advertisement by knowingly inducing, causing, or materially participating in the direct act of false advertisement on Costco's website. Costco's website stated that the information contained in the false advertisement was provided "by the manufacturer," so SCDC and SM Global each contributed to the making and distribution of the false advertisement by providing false information regarding the construction of the accused products that they knew Costco would include in its advertisement for the accused products to customers.

85.     The statement by Defendants that the accused products contain an "injected urethane insert" is literally false, or in the alternative, is misleading and, on information and belief, has actually deceived or has a tendency to deceive consumers in a way that influences purchasing decisions. Defendants' false statements are material to purchasing decisions because they falsely or misleadingly suggest that the accused products have features found on premium clubs, such as the Taylor Made P790.

86.     Defendants' false advertising has misled golf journalists and customers to believe the accused products are similar to or equivalent to the Taylor Made P790 irons. *See* https://mygolfspy.com/we-tried-it/we-tried-it-kirkland-signature-players-irons-review/ (December 26, 2023) (last visited April 16, 2024) ("Costco's iron bears a striking resemblance to TaylorMade's P790."); https://golf.com/gear/costcos-499-kirkland-signature-irons-sold-out-in-just-hours/ (December 10, 2023) (last visited April 16, 2024) ("[The] hollow foam/urethane-filled construction [of the accused products] is similar to many other irons in the

player's distance category, including the TaylorMade P790 . . . .");

https://old.reddit.com/r/golf/comments/18evsni/so_costcos_kirkland_irons_are_basi

cally_rebranded/ (last visited April 16, 2024) ("So Costco's Kirkland irons are

basically rebranded 2019 P790's?"); *id.* ("I read on Golf Spy that the manufacturer

is a company named Indi Golf. Could it be possible that they bought Taylor Made's

design/machinery?");

https://www.reddit.com/r/golf/comments/17fnmwd/so_the_costco_clubs_are_theor

etically_dropping_in/ (last visited April 16, 2024) ("I'm obviously really interested

in [the Costco Kirkland Signature] irons, especially if they are P790 knock offs.").

87.  Following the January 31, 2024 filing of the original Complaint,

Defendants modified the advertisement on Costco's website to modify the "injected

urethane insert" statement to instead read "injected polymer insert."

https://www.costco.com/kirkland-signature-7-piece-players-iron-set%2C-right-

handed.product.4000236767.html (last visited April 16, 2024).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE47,653

88.  Taylor Made restates and incorporates by reference the allegations in

paragraphs 1 through 87 of this Complaint as if fully set forth herein.

89.  As described above, each Defendant has directly infringed and

continues to directly infringe, literally or under the doctrine of equivalents, one or

more of the claims of the '653 patent by, among other things, making, using,

selling, offering to sell, or importing the accused products that practice the '653

patent claims without permission in violation of 35 U.S.C. § 271(a).

90.  Each of Defendants' accused products satisfy, literally or under the

doctrine of equivalents, at least claim 1 of the '653 patent. *See* Exhibit 7.

91.  Defendants' accused products therefore infringe at least one claim of

the '653 patent.

92.  Defendants' direct infringement has been and is willful.

93.    As described above, SCDC, SM Global, or both in concert with one another have indirectly infringed and continue to indirectly infringe one or more claims of the '653 patent by, among other things, inducing Costco or each other to directly infringe the '653 patent claims without permission in violation of 35 U.S.C. § 271(b).

94.    Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '653 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

95.    As a result of Defendants' infringement of the '653 patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '653 patent under 35 U.S.C. § 283. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,953,293

96.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 95 of this Complaint as if fully set forth herein.

97.    As described above, each Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the '293 patent by, among other things, making, using, selling, offering to sell, or importing the accused products that practice the '293 patent claims without permission in violation of 35 U.S.C. § 271(a).

98.    Each of Defendants' accused products satisfy, literally or under the doctrine of equivalents, at least claim 1 of the '293 patent. *See* Exhibit 8.

99.    Defendants' accused products therefore infringe at least one claim of the '293 patent.

**FIRST AMENDED COMPLAINT**

100.   Defendants' direct infringement has been and is willful.

101.   As described above, SCDC, SM Global, or both in concert with one another have indirectly infringed and continue to indirectly infringe one or more claims of the '293 patent by, among other things, inducing Costco or each other to directly infringe the '293 patent claims without permission in violation of 35 U.S.C. § 271(b).

102.   Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '293 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

103.   As a result of Defendants' infringement of the '293 patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '293 patent under 35 U.S.C. § 283. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,351,426

104.   Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 103 of this Complaint as if fully set forth herein.

105.   As described above, each Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the '426 patent by, among other things, making, using, selling, offering to sell, or importing the accused products that practice the '426 patent claims without permission in violation of 35 U.S.C. § 271(a).

106.   Each of Defendants' accused products satisfy, literally or under the doctrine of equivalents, at least claim 17 of the '426 patent. *See* Exhibit 9.

**FIRST AMENDED COMPLAINT**

16456611.1

107.    Defendants' accused products therefore infringe at least one claim of the '426 patent.

108.    Defendants' direct infringement has been and is willful.

109.    As described above, SCDC, SM Global, or both in concert with one another have indirectly infringed and continue to indirectly infringe one or more claims of the '426 patent by, among other things, inducing Costco or each other to directly infringe the '426 patent claims without permission in violation of 35 U.S.C. § 271(b).

110.    Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '426 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

111.    As a result of Defendants' infringement of the '426 patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '426 patent under 35 U.S.C. § 283. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,420,097

112.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 111 of this Complaint as if fully set forth herein.

113.    As described above, each Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the '097 patent by, among other things, making, using, selling, offering to sell, or importing the accused products that practice the '097 patent claims without permission in violation of 35 U.S.C. § 271(a).

**FIRST AMENDED COMPLAINT**

16456611.1

114.    Each of Defendants' accused products satisfy, literally or under the doctrine of equivalents, at least claim 13 of the '097 patent. *See* Exhibit 10.

115.    Defendants' accused products therefore infringe at least one claim of the '097 patent.

116.    Defendants' direct infringement has been and is willful.

117.    As described above, SCDC, SM Global, or both in concert with one another have indirectly infringed and continue to indirectly infringe one or more claims of the '097 patent by, among other things, inducing Costco or each other to directly infringe the '097 patent claims without permission in violation of 35 U.S.C. § 271(b).

118.    Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '097 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

119.    As a result of Defendants' infringement of the '097 patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '097 patent under 35 U.S.C. § 283. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,559,727

120.    Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 119 of this Complaint as if fully set forth herein.

121.    As described above, each Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more of the claims of the '727 patent by, among other things, making, using,

selling, offering to sell, or importing the accused products that practice the '727 patent claims without permission in violation of 35 U.S.C. § 271(a).

122.  Each of Defendants' accused products satisfy, literally or under the doctrine of equivalents, at least claim 13 of the '727 patent. *See* Exhibit 11.

123.  Defendants' accused products therefore infringe at least one claim of the '727 patent.

124.  Defendants' direct infringement has been and is willful.

125.  As described above, SCDC, SM Global, or both in concert with one another have indirectly infringed and continue to indirectly infringe one or more claims of the '727 patent by, among other things, inducing Costco or each other to directly infringe the '727 patent claims without permission in violation of 35 U.S.C. § 271(b).

126.  Taylor Made has been damaged and continues to be damaged by Defendants' infringement of the '727 patent. As a result, Taylor Made is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

127.  As a result of Defendants' infringement of the '727 patent, Taylor Made has suffered irreparable harm and impairment of the value of its patent rights, and Taylor Made will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendants are permanently enjoined by this Court from infringing the '727 patent under 35 U.S.C. § 283. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

## **COUNT VI: FALSE ADVERTISING (15 U.S.C. § 1125)**

128.  Taylor Made restates and incorporates by reference the allegations in paragraphs 1 through 127 of this Complaint as if fully set forth herein.

129.  Defendants' statements regarding the construction and performance of the accused products on Costco's website are literally false, or in the alternative, are

**FIRST AMENDED COMPLAINT**

misleading and, on information and belief, have actually deceived or have a tendency to deceive consumers.

130.   Defendants' statements are likely to materially influence customer purchasing decisions.

131.   Defendants caused their false statements to enter into interstate commerce by publishing them on Costco's website, which is available nationwide and offers the accused products for sale nationwide.

132.   Defendants' actions are likely to harm Taylor Made's sales or goodwill. Defendants' false statements that the accused products contain features that they do not have, may lead customers to purchase the accused products over Taylor Made's competing products, including the P790 irons. Taylor Made's goodwill is also likely to be harmed among consumers that have been misled to believe the accused products are equivalent in design or performance to the P790 irons. Defendants' statements have harmed and will continue to harm Taylor Made.

133.   Taylor Made has suffered direct and consequential damages, and is entitled to recover compensatory damages, including opportunity costs and enhanced damages in an amount to be proven at trial.

134.   As a result of Defendants' false statements, Taylor Made has suffered irreparable harm, and Taylor Made will continue to suffer irreparable harm, unless and until Defendants are permanently enjoined by this Court from continuing to make or making future false statements regarding the accused products. Taylor Made has no adequate remedy at law and is entitled to a permanent injunction against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Taylor Made respectfully requests judgment against Defendants as follows:

**FIRST AMENDED COMPLAINT**

16456611.1

A.  a judgment that Defendants have infringed, either literally or under the doctrine of equivalents, one or more claims of the asserted patents under 35 U.S.C. § 271(a);

B.  a judgment that Defendants' infringement has been and is willful;

C.  a judgment that SCDC or SM Global have indirectly infringed one or more claims of the asserted patents under 35 U.S.C. § 271(b);

D.  a judgment and order requiring Defendants to pay Taylor Made its damages, costs, expenses, and any enhanced damages to which Taylor Made is entitled for Defendants' infringement;

E.  a permanent injunction enjoining Defendants as well as their subsidiaries, agents, directors, officers, employees, and those in active concert or participation with Defendants from infringing the asserted patents;

F.  a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Taylor Made its reasonable attorneys' fees against Defendants;

G.  a judgment that Defendants have violated the Lanham Act, 15 U.S.C. §1125(a), by committing acts of false advertisement either directly or contributorily;

H.  a judgment and order requiring Defendants' to pay Taylor Made its damages, costs, expenses, and any punitive or enhanced damages to which Taylor Made is entitled for Defendants' false advertisement;

I.  a permanent injunction enjoining Defendants as well as their subsidiaries, agents, directors, officers, employees, and those in active concert or participation with Defendants from making further false and misleading statements regarding the accused products;

**FIRST AMENDED COMPLAINT**

16456611.1

1    J.    a judgment and order requiring Defendants to provide an accounting

2         and to pay supplemental damages to Taylor Made, including without

3         limitation, pre-judgment and post-judgment interest; and

4    K.    any and all other relief as the Court may deem appropriate and just

5         under the circumstances.

6

7    DATED: April 18, 2024              Respectfully Submitted,

8                                        JOHN CHRISTOPHER (J.C.) ROZENDAAL
                                         BYRON L. PICKARD
9                                        ROBERT NIEMEIER
                                         STERNE, KESSLER, GOLDSTEIN & FOX
10                                       PLLC

11                                       KARIN G. PAGNANELLI
                                         MITCHELL SILBERBERG & KNUPP LLP
12

13                                       By: */s/ Karin G. Pagnanelli*
14                                           Karin G. Pagnanelli (SBN 174763)
                                             Attorneys for Plaintiff
15                                           Taylor Made Golf Company, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

16456611.1

# **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Taylor Made respectfully demands a trial by jury on all claims and issues so triable.

DATED: April 18, 2024          Respectfully Submitted,

JOHN CHRISTOPHER (J.C.) ROZENDAAL
BYRON L. PICKARD
ROBERT NIEMEIER
STERNE, KESSLER, GOLDSTEIN & FOX PLLC

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP


By: */s/ Karin G. Pagnanelli*
     Karin G. Pagnanelli (SBN 174763)
     Attorneys for Plaintiff
     Taylor Made Golf Company, Inc.

**FIRST AMENDED COMPLAINT**

16456611.1