JOHN CHRISTOPHER (J.C.) ROZENDAAL (*pro hac vice*)
jcrozendaal@sternekessler.com
BYRON PICKARD (*pro hac vice*)
bpickard@sternekessler.com
ROBERT NIEMEIER (*pro hac vice*)
rniemeier@sternekessler.com
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1101 K Street, NW 10th Floor
Washington, DC 20005
Phone: (202) 371-2600

KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Taylor Made Golf Company, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| TAYLOR MADE GOLF COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORP., and SOUTHERN CALIFORNIA DESIGN COMPANY d/b/a INDI GOLF, <br><br> Defendants. | CASE NO.: 3:24-CV-00212-AGS-VET <br><br> Judicial Officer: Andrew G. Schopler <br> Courtroom: 5C <br> Date: May 3, 2024 <br> Time: 2:30 pm <br><br> **TAYLOR MADE GOLF COMPANY, INC.'S EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRIS TAYLOR IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND SUPPLEMENTAL DECLARATION OF TIM ULRICH** <br><br> Filed: January 31, 2024 <br> FAC: April 18, 2024 |

# EVIDENTIARY OBJECTIONS

Plaintiff, Taylor Made Golf Company, Inc. respectfully objects to statements the Declaration of Chris Taylor (D.I. 40-1), filed in support of Defendant Costco Wholesale Corp.'s Reply to its Motion to Compel Arbitration (D.I. 40).

Paragraph 2: Lack of foundation/personal knowledge, opinion testimony/speculation by a lay witness, hearsay, misleading

Paragraph 3: Lack of foundation/personal knowledge, misleading

Paragraph 4: Lack of foundation, opinion testimony/speculation by a lay witness, relevance/confusion of issues

Paragraph 5: Relevance/confusion of issues

Paragraph 6: Relevance/confusion of issues

Paragraph 7: Lack of foundation; relevance/confusion of issues

Paragraph 8: Lack of foundation, opinion testimony/speculation by a lay witness, relevance/confusion of issues

# SUPPLEMENTAL DECLARATION

Because Mr. Ulrich's declaration was submitted in reply, Plaintiff Taylor Made Golf Company, Inc. respectfully submits the Supplemental Declaration of Tim Ulrich, being filed concurrently herewith, in further support of its opposition to Defendant Costco Wholesale Corp.'s Motion to Compel Arbitration (D.I. 20).

In opposing Costco's Motion to Compel Arbitration, Taylor Made showed why the relevant agreements—along with their arbitration clauses—had been abandoned for the basic reason that there has not been any performance under them for more than a decade. D.I. 37. In its Reply, Costco contends "the parties have continued to operate under [the agreements] in the years following their execution with expressing an intent to abandon them." D.I. 40, 5. To support this conclusion, Costco raises two factual assertions: "Costco was selling Taylor Made golf clubs as recently as 2017 and has since negotiated with Taylor Made for the sale of other

products under the 2010 and 2011 Agreements." *Id.*, 4. The attached supplemental declaration provides critical, additional facts that put Costco's assertions in their proper light.

First, the supplemental declaration shows that Costco's 2017 sale of Taylor Made clubs did not involve any transaction between Costco and Taylor Made. That is, Costco did not buy the referenced clubs from Taylor Made but acquired them from a third party. This distinction is important because the at-issue agreements only cover sales or importation between Costco and Taylor Made.

Second, the supplemental declaration shows that the recent "negotiations" Costco referenced did not consummate in any transaction whatsoever. And the Declarations further show that had those discussions consummated in a transaction, that transaction would, if at all, have been a sale between Costco and U.S. Merchants—not between Costco and Taylor Made.

Costco should not be prejudiced by the introduction of the supplemental declaration because the declaration does not present any new arguments and only presents facts responsive to facts and arguments raised by Costco in its Reply. In contrast, with briefing closed and the Motion taken under submission, Taylor Made would be prejudiced if not permitted to respond to the factual matters raised by Coscto's Reply.

///
///
///
///
///
///
///
///
///

DATED: April 29, 2024	Respectfully Submitted,

JOHN CHRISTOPHER (J.C.) ROZENDAAL
BYRON L. PICKARD
ROBERT NIEMEIER
STERNE, KESSLER, GOLDSTEIN & FOX PLLC

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP


By: __*/s/ Karin G. Pagnanelli*__
    Karin G. Pagnanelli (SBN 174763)
    Attorneys for Plaintiff
    Taylor Made Golf Company, Inc.