**SQUIRE PATTON BOGGS (US) LLP**
Frank L. Bernstein (SBN: 189504)
frank.bernstein@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Hannah Makinde (SBN: 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:   +1 213 624 2500
Facsimile:    +1 213 623 4581

*Attorneys for Defendant Southern
California Design Company*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR MADE GOLF COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORP., SOUTHERN CALIFORNIA DESIGN COMPANY d/b/a INDI GOLF, and SM GLOBAL LLC, <br><br> Defendants. | Case No. 3:24-cv-0212-AGS-VET <br><br> Honorable Andrew G. Schopler <br><br> **DEFENDANT SOUTHERN CALIFORNIA DESIGN COMPANY'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

Defendant Southern California Design Company ("SCDC") hereby files its Answer, Defenses, and Counterclaims to Plaintiff Taylor Made Golf Company Inc.'s ("Taylor Made" or "Plaintiff") First Amended Complaint ("FAC"). SCDC denies the allegations and characterizations in Plaintiff's FAC unless expressly admitted herein. SCDC incorporates the headings that Plaintiff used in the FAC purely for convenience and ease of reference. SCDC denies any allegations, assertions, or inferences associated with such headings.

## NATURE OF THIS ACTION

1.    SCDC admits that Plaintiff has made the allegations stated in paragraph 1 of the First Amended Complaint.

## PARTIES

2.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the First Amended Complaint, and accordingly denies them.

3.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the First Amended Complaint, and accordingly denies them.

4.    SCDC denies the allegations in paragraph 4 of the First Amended Complaint.

5.    SCDC admits that it is a California corporation with a principal place of business located at 2195 Faraday Avenue, Suite I, Carlsbad, California, 92008, and that it has registered "Indi Golf" as a tradename. SCDC denies all other allegations in paragraph 5 of the First Amended Complaint.

6.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 of the First Amended Complaint, and accordingly denies them. SCDC denies all other allegations in paragraph 6 of the First Amended Complaint.

## JURISDICTION AND VENUE

7.    SCDC admits the allegations in paragraph 7 of the First Amended Complaint.

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

8.      SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint, and accordingly denies them.

9.      SCDC denies the allegation (1) in paragraph 9 of the First Amended Complaint. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the First Amended Complaint, and accordingly denies them.

10.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the First Amended Complaint, and accordingly denies them.

11.     SCDC admits that it is a California corporation with its principal place of business in California, and that this Court has personal jurisdiction over SCDC. The remaining allegations in paragraph 11 of the First Amended Complaint are legal conclusions for which no response is required.

12.     SCDC admits that it regularly and continuously transacts business in the district. SCDC denies all other allegations in paragraph 12 of the First Amended Complaint.

13.     SCDC admits the allegations in paragraph 13 of the First Amended Complaint.

14.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the First Amended Complaint, and accordingly denies them.

15.     SCDC does not have information sufficient to form a belief as to the truth of whether SM Global regularly and continuously transacts business in the District, and accordingly denies the allegation. SCDC denies all other allegations in paragraph 15 of the First Amended Complaint.

16.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the First Amended Complaint, and accordingly denies them.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

**BACKGROUND**

17.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint, and accordingly denies them.

18.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the First Amended Complaint, and accordingly denies them.

19.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the First Amended Complaint, and accordingly denies them.

20.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the First Amended Complaint, and accordingly denies them.

21.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Complaint, and accordingly denies them.

**The Asserted Patents**

**I.    The '653 Patent**

22.    SCDC admits that the United States Patent and Trademark Office (USPTO) issued U.S. Patent No. RE47,653, entitled "Golf Club Head," on October 22, 2019, that a copy of the patent is attached as Exhibit 1 to the complaint, and that Bret H. Sahl, Peter L. Larsen, and Loren Stowe are listed as the inventors. SCDC denies all other allegations in paragraph 22 of the First Amended Complaint.

23.    SCDC admits that U.S. Patent No. RE47,653 is a reissue of U.S. Patent No. 9,265,995, which issued from a continuation of Application No. 13/960,554. SCDC admits that there is a document purporting to assign Application No. 13/960,554 from the inventors to Taylor Made Golf Company. SCDC admits that the document purports to assign continuations, divisions, and reissues of the Application No.

13/960,554 to Taylor Made Golf Company. Standing is a legal conclusion for which no response is required. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the First Amended Complaint, and accordingly denies them.

24.    SCDC denies the allegations in paragraph 24 of the First Amended Complaint.

## II.    The '293 Patent

25.    SCDC admits that the United States Patent and Trademark Office (USPTO) issued U.S. Patent No. 10,953,293, entitled "Golf Club Head," on March 23, 2021, that a copy of the patent is attached as Exhibit 2 to the complaint, and that Paul M. Demkowski, Bret H. Sahl, Scott Taylor, and Sanjya Kuttappa are listed as the inventors. SCDC denies all other allegations in paragraph 25 of the First Amended Complaint.

26.    SCDC admits that U.S. Patent No. 10,953,293 issued on a continuation of Application No. 15/706,632. SCDC admits that there is a document purporting to assign Application No. 15/706,632 from the inventors to Taylor Made Golf Company. SCDC admits that the document purports to assign continuations, divisions, and reissues of the Application No. 15/706,632 to Taylor Made Golf Company. Standing is a legal conclusion for which no response is required. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the First Amended Complaint, and accordingly denies them.

27.    SCDC denies the allegations in paragraph 27 of the First Amended Complaint.

## III.    The '426 Patent

28.    SCDC admits that the United States Patent and Trademark Office (USPTO) issued U.S. Patent No. 11,351,426, entitled "Golf Club Head," on June 7, 2022, that a copy of the patent is attached as Exhibit 3 to the complaint, and that Paul M. Demkowski, Bret H. Sahl, Scott Taylor, and Sanjya Kuttappa are listed as the inventors. SCDC denies all other allegations in paragraph 28 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

29.    SCDC admits that U.S. Patent No. 11,351,426 issued on a continuation of Application No. 16/800,811, and that this application is a continuation of Application No. 15/706,632. SCDC admits that there is a document purporting to assign Application No. 15/706,632 from the inventors to Taylor Made Golf Company. SCDC admits that the document purports to assign continuations, divisions, and reissues of the Application No. 15/706,632 to Taylor Made Golf Company. Standing is a legal conclusion for which no response is required. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the First Amended Complaint, and accordingly denies them.

30.    SCDC denies the allegations in paragraph 30 of the First Amended Complaint.

## IV.    The '097 Patent

31.    SCDC admits that the United States Patent and Trademark Office (USPTO) issued U.S. Patent No. 11,420,097, entitled "Golf Club Head," on August 23, 2022, that a copy of the patent is attached as Exhibit 4 to the complaint, and that Paul M. Demkowski, Bret H. Sahl, and Scott Taylor are listed as the inventors. SCDC denies all other allegations in paragraph 31 of the First Amended Complaint.

32.    SCDC admits that U.S. Patent No. 11,420,097 issued on a continuation of Application No. 16/720,678. SCDC admits that Application No. 16/720,678 is a continuation of Application No. 15/394,549. SCDC admits that there is a document purporting to assign Application No. 15/394,549 from the inventors to Taylor Made Golf Company. SCDC admits that the document purports to assign continuations, divisions, and reissues of the Application No. 15/394,549 to Taylor Made Golf Company. Standing is a legal conclusion for which no response is required SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the First Amended Complaint, and accordingly denies them.

33.    SCDC denies the allegations in paragraph 33 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

## V.    The '727 Patent

34.    SCDC admits that the United States Patent and Trademark Office (USPTO) issued U.S. Patent No. 11,559,727, entitled "Golf Club Head," on January 24, 2023, that a copy of the patent is attached as Exhibit 5 to the complaint, and that Paul M. Demkowski, Matt Bovee, Mike Walker, Boo Ohashi, and Connor Halberg are listed as the inventors. SCDC denies all other allegations in paragraph 34 of the First Amended Complaint.

35.    SCDC admits that U.S. Patent No. 11,559,727 issued from Application No. 17/087,596. SCDC admits that there is a document purporting to assign Application No. 17/087,596 from the inventors to Taylor Made Golf Company. SCDC admits that the document purports to assign continuations, divisions, and reissues of the Application No. 17/087,596 to Taylor Made Golf Company. Standing is a legal conclusion for which no response is required. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the First Amended Complaint, and accordingly denies them.

36.    SCDC denies the allegations in paragraph 36 of the First Amended Complaint.

## Defendants' Acts of Infringement

37.    SCDC restates and incorporates by references the responses in paragraphs 1 through 36 of this Answer.

38.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the First Amended Complaint, and accordingly denies them.

39.    SCDC admits that the accused products are identified and sold under the Kirkland Signature™ brand. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the First Amended Complaint, and accordingly denies them.

40.    SCDC denies that the accused products copy many features and technologies from Taylor Made's P790 irons and the asserted patents. SCDC does not have

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the First Amended Complaint, and accordingly denies them.

41. SCDC denies that Costco engaged SCDC to design, manufacture, or import the accused products. SCDC otherwise does not have information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the First Amended Complaint, and accordingly denies them.

42. SCDC admits that the accused products were listed on the United States Golf Association ("USGA") conforming clubs list, and that at one time the manufacturer was listed as "Indi Golf". SCDC admits that to be listed on the USGA conforming clubs list, a mock-up, prototype, first article, or production golf club head would need to be submitted to USGA to obtain its approval. SCDC admits that there are times when a club maker has used a club before seeking USGA approval for inclusion of that club on the conforming clubs list. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the First Amended Complaint, and accordingly denies them.

43. SCDC denies that it offered its product development services to Costco. SCDC admits that its web site states, "SCDC is a full-service product development consulting firm with expertise in sustainable product design, user experience, engineering, branding, marketing, sourcing, production, logistics, eco-friendly manufacturing, and global supply chain management." SCDC admits that a logo for Kirkland Signature™ is listed on the SCDC web site under the header "Our Clients". SCDC also admits that the accused products are identified and sold under the Kirkland Signature™ brand. To the extent that there are any other allegations in paragraph 43 of the First Amended Complaint requiring a response, SCDC denies them.

44. SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the First Amended Complaint, and accordingly denies them.

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

45.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the First Amended Complaint, and accordingly denies them.

46.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the First Amended Complaint, and accordingly denies them.

47.     SCDC admits that a copy of a letter dated December 12, 2023, is attached as Exhibit 6 to the First Amended Complaint, that that letter identifies the five patents in suit, and that that letter ends with the paragraph, "If you have any questions about Taylor Made's patent portfolio, please contact me at your earliest convenience." SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the First Amended Complaint, and accordingly denies them.

48.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the First Amended Complaint, and accordingly denies them.

49.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Complaint, and accordingly denies them.

50.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the First Amended Complaint, and accordingly denies them.

51.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the First Amended Complaint, and accordingly denies them.

52.     SCDC admits the allegations in paragraph 52 of the First Amended Complaint.

53.     SCDC admits that the listing of the accused products on the USGA Conforming List states that the manufacturer is SM Global, LLC. SCDC admits that

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

to be listed on the USGA conforming clubs list, a mock-up, prototype, first article, or production golf club head would need to be submitted to USGA to obtain its approval. SCDC admits that there are times when a club maker has used a club before seeking USGA approval for inclusion of that club on the conforming clubs list. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the First Amended Complaint, and accordingly denies them.

54.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the First Amended Complaint, and accordingly denies them.

55.     SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the First Amended Complaint, and accordingly denies them.

56.     SCDC denies the allegations in paragraph 56 of the First Amended Complaint as to SCDC. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of the First Amended Complaint, and accordingly denies them.

57.     SCDC admits that its president, Travis Downing, previously worked at Taylor Made headquarters. SCDC admits that there were Taylor Made engineers in the Research and Development department. SCDC also admits that Travis Downing was president of SCDC during the design of the accused products and was involved in the design. SCDC denies all other allegations in paragraph 57 of the First Amended Complaint.

58.     SCDC denies that the design of the accused products is at the direction of Costco. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the First Amended Complaint, and accordingly denies them.

59.     SCDC denies the allegations in paragraph 59 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

60.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the First Amended Complaint, and accordingly denies them.

61.    SCDC denies the allegations in paragraph 61 of the First Amended Complaint.

62.    SCDC denies the allegations in paragraph 62 of the First Amended Complaint.

63.    SCDC denies the allegations in paragraph 63 of the First Amended Complaint.

64.    SCDC denies the allegations in paragraph 64 of the First Amended Complaint.

65.    SCDC does not have information sufficient to form a belief as to the truth of the allegations that the accused products that SCDC designed would be made, used, or imported into the United States by Costco or SM Global, and accordingly denies these allegations. SCDC denies the remaining allegations in paragraph 65 of the First Amended Complaint.

66.    SCDC admits that it knew of the asserted patents as of January 31, 2024, when Taylor Made filed its Complaint or at the latest by February 6, 2024, when SCDC was served with the Complaint. SCDC denies the remaining allegations in paragraph 66 of the First Amended Complaint.

67.    SCDC denies the allegations in paragraph 67 of the First Amended Complaint.

68.    SCDC denies the allegations in paragraph 68 of the First Amended Complaint.

69.    SCDC denies the allegations in paragraph 69 of the First Amended Complaint.

70.    SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the First Amended Complaint, and accordingly denies them.

71.    To the extent that any of the allegations in paragraph 71 of the First Amended Complaint require a legal conclusion, no response is required. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the First Amended Complaint, and accordingly denies them.

72.    To the extent that any of the allegations in paragraph 72 of the First Amended Complaint require a legal conclusion, no response is required. SCDC does not have

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

1  information sufficient to form a belief as to the truth of the remaining allegations in

2  paragraph 72 of the First Amended Complaint, and accordingly denies them.

3  73.    To the extent that any of the allegations in paragraph 73 of the First Amended

4  Complaint require a legal conclusion, no response is required. SCDC denies the

5  remaining allegations in paragraph 73 of the First Amended Complaint.

6  74.    To the extent that any of the allegations in paragraph of the First Amended

7  Complaint require a legal conclusion, no response is required. SCDC does not have

8  information sufficient to form a belief as to the truth of the remaining allegations in

9  paragraph 74 of the First Amended Complaint, and accordingly denies them.

10  75.    To the extent that any of the allegations in paragraph 75 of the First Amended

11  Complaint require a legal conclusion, no response is required. SCDC does not have

12  information sufficient to form a belief as to the truth of the remaining allegations in

13  paragraph 75 of the First Amended Complaint, and accordingly denies them.

14  76.    SCDC denies the allegations in paragraph 76 of the First Amended Complaint.

15  77.    SCDC denies the allegations in paragraph 77 of the First Amended Complaint

16  as to SCDC. SCDC does not have information sufficient to form a belief as to the

17  truth of the remaining allegations in paragraph 77 of the First Amended Complaint,

18  and accordingly denies them.

19  78.    SCDC denies the allegations in paragraph 78 of the First Amended Complaint.

20  79.    SCDC denies the allegations in paragraph 79 of the First Amended Complaint.

21  **Defendants' Acts of False Advertisement**

22  80.    SCDC restates and incorporates by references the responses in paragraphs 1

23  through 79 of this Answer.

24  81.    SCDC admits that, at one time, a listing for Kirkland Signature ™ golf clubs

25  on Costco's web site indicated that the clubs contained a urethane insert. SCDC does

26  not have information sufficient to form a belief as to the truth of the remaining

27  allegations in paragraph 81 of the First Amended Complaint, and accordingly denies

28  them.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

82.   SCDC admits the allegations in paragraph 82 of the First Amended Complaint.

83.   SCDC denies the allegations in paragraph 83 of the First Amended Complaint as to SCDC, and denies the allegations in paragraph 83 of the First Amended Complaint as to the remaining Defendants concerning false advertising. SCDC does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 of the First Amended Complaint, and accordingly denies them.

84.   SCDC denies the allegations in paragraph 84 of the First Amended Complaint.

85.   SCDC admits that the accused products do not contain an injected urethane insert. SCDC denies the remaining allegations in paragraph 85 of the First Amended Complaint.

86.   SCDC denies the allegations in paragraph 86 of the First Amended Complaint.

87.   SCDC does not have information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the First Amended Complaint, and accordingly denies them.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE47,653

88.   SCDC restates and incorporates by references the responses in paragraphs 1 through 87 of this Answer.

89.   SCDC denies the allegations in paragraph 89 of the First Amended Complaint.

90.   SCDC denies the allegations in paragraph 90 of the First Amended Complaint.

91.   SCDC denies the allegations in paragraph 91 of the First Amended Complaint.

92.   SCDC denies the allegations in paragraph 92 of the First Amended Complaint.

93.   SCDC denies the allegations in paragraph 93 of the First Amended Complaint.

94.   SCDC denies the allegations in paragraph 94 of the First Amended Complaint.

95.   SCDC denies the allegations in paragraph 95 of the First Amended Complaint.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,953,293

96.   SCDC restates and incorporates by references the responses in paragraphs 1 through 95 of this Answer.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

97.   SCDC denies the allegations in paragraph 97 of the First Amended Complaint.

98.   SCDC denies the allegations in paragraph 98 of the First Amended Complaint.

99.   SCDC denies the allegations in paragraph 99 of the First Amended Complaint.

100.   SCDC denies the allegations in paragraph 100 of the First Amended Complaint.

101.   SCDC denies the allegations in paragraph 101 of the First Amended Complaint.

102.   SCDC denies the allegations in paragraph 102 of the First Amended Complaint.

103.   SCDC denies the allegations in paragraph 103 of the First Amended Complaint.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,351,426

104.   SCDC restates and incorporates by references the responses in paragraphs 1 through 103 of this Answer.

105.   SCDC denies the allegations in paragraph 105 of the First Amended Complaint.

106.   SCDC denies the allegations in paragraph 106 of the First Amended Complaint.

107.   SCDC denies the allegations in paragraph 107 of the First Amended Complaint.

108.   SCDC denies the allegations in paragraph 108 of the First Amended Complaint.

109.   SCDC denies the allegations in paragraph 109 of the First Amended Complaint.

110.   SCDC denies the allegations in paragraph 110 of the First Amended Complaint.

111.   SCDC denies the allegations in paragraph 111 of the First Amended Complaint.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,420,097

112.   SCDC restates and incorporates by references the responses in paragraphs 1 through 111 of this Answer.

113.   SCDC denies the allegations in paragraph 113 of the First Amended Complaint.

114.   SCDC denies the allegations in paragraph 114 of the First Amended Complaint.

115.   SCDC denies the allegations in paragraph 115 of the First Amended Complaint.

116.   SCDC denies the allegations in paragraph 116 of the First Amended Complaint.

117.   SCDC denies the allegations in paragraph 117 of the First Amended Complaint.

118.   SCDC denies the allegations in paragraph 118 of the First Amended Complaint.

119.   SCDC denies the allegations in paragraph 119 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,559,727

120.   SCDC restates and incorporates by references the responses in paragraphs 1 through 119 of this Answer.

121.   SCDC denies the allegations in paragraph 121 of the First Amended Complaint.

122.   SCDC denies the allegations in paragraph 122 of the First Amended Complaint.

123.   SCDC denies the allegations in paragraph 123 of the First Amended Complaint.

124.   SCDC denies the allegations in paragraph 124 of the First Amended Complaint.

125.   SCDC denies the allegations in paragraph 125 of the First Amended Complaint.

126.   SCDC denies the allegations in paragraph 126 of the First Amended Complaint.

127.   SCDC denies the allegations in paragraph 127 of the First Amended Complaint.

## COUNT VI: FALSE ADVERTISING (15 U.S.C. § 1125)

128.   SCDC restates and incorporates by references the responses in paragraphs 1 through 127 of this Answer.

129.   SCDC denies the allegations in paragraph 129 of the First Amended Complaint.

130.   SCDC denies the allegations in paragraph 130 of the First Amended Complaint.

131.   SCDC denies the allegations in paragraph 131 of the First Amended Complaint.

132.   SCDC denies the allegations in paragraph 132 of the First Amended Complaint.

133.   SCDC denies the allegations in paragraph 133 of the First Amended Complaint.

134.   SCDC denies the allegations in paragraph 134 of the First Amended Complaint.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief sets forth requests for relief to which no response is required. To the extent necessary, SCDC denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent that Paragraphs A. through K. contain any factual allegations, SCDC denies them.

## JURY DEMAND

This portion of the First Amended Complaint sets forth Plaintiff's jury trial request, to which no response is required. To the extent that Plaintiff's Jury Demand contains any factual allegations, SCDC denies them.

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

## GENERAL DENIAL

Except as expressly admitted above, SCDC denies each and every allegation contained in the First Amended Complaint.

## DEFENSES

SCDC alleges and asserts the defenses herein in response to the allegations in the First Amended Complaint, undertaking the burden of proof only as to those defenses as required by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's First Amended Complaint and each claim for relief alleged in the First Amended Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE – PATENT NON-INFRINGEMENT

Plaintiff's First Amended Complaint and each claim for relief alleged in the First Amended Complaint are barred because SCDC has not infringed or willfully infringed, and does not infringe or willfully infringe, either directly or indirectly (whether literally or under the doctrine of equivalents) any valid, enforceable claim of the Asserted Patents.

## THIRD DEFENSE – PATENT INVALIDITY

One or more of the claims of the Asserted Patents are invalid, at least in part, because each of the Asserted Patents do not satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. In the case of the '653 patent, one or more claims are invalid, at least in part, for failure to satisfy conditions specified under 35 U.S.C. §§ 251.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

## FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL, DISCLAIMER, AND SURRENDER

Plaintiff's claims for patent infringement of the Asserted Patents are barred, in whole or in part, by the doctrines of prosecution history estoppel, prosecution disclaimer, and surrender, and/or as the result of statements or amendments made during prosecution of the Asserted Patents or of any related patents and/or applications, or during any other proceedings before the U.S. Patent and Trademark Office or in any court.

## FIFTH DEFENSE – NO ENTITLEMENT TO INJUNCTIVE RELIEF

Plaintiff is not entitled to injunctive relief because Plaintiff cannot prove (1) infringement, (2) that they have suffered and will continue to suffer irreparable harm due to SCDC's conduct, (3) that they do not have an adequate remedy at law, and (4) that the balance of hardships and public interest favor injunctive relief.

## SIXTH DEFENSE – NO ENTITLEMENT TO FEES OR COSTS

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against SCDC pursuant to 35 U.S.C. § 285, and is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

## SEVENTH DEFENSE – NOTICE AND MARKING

Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 287 because of Plaintiff's failure to provide proper notice of any alleged infringement to SCDC before service of its Original Complaint and to the extent that Plaintiff and/or any licensees under the Asserted Patents failed to properly mark relevant products.

## EIGHTH DEFENSE – NO STANDING

Plaintiff's claims of false advertising are barred, in whole or in part, because any injury to Plaintiff was not proximately caused by the alleged acts of false advertising such that Plaintiff lacks standing to assert false advertising.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

## NINTH DEFENSE – NO FALSE ADVERTISING

Plaintiff's claims of false advertising are barred, in whole or in part, because the subject statements alleged to be false (i) merely express characterizations that are not actionable as false advertising; (ii) did not deceive consumers; and/or (iii) did not have any material effect on consumer purchasing decisions.

## TENTH DEFENSE – NO DAMAGES

Plaintiff's First Amended Complaint and its claim for false advertising alleged in the First Amended Complaint fail in whole or in part to the extent that Plaintiff has suffered no damages.

## RESERVATION OF DEFENSES

SCDC's investigation of this matter is ongoing. SCDC reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

For its counterclaims against Taylor Made, SCDC alleges and states as follows:

## THE PARTIES

1.      Counterclaim Plaintiff SCDC is a company organized under the Laws of the State of California, with its principal place of business located at 2195 Faraday Avenue, Suite I, Carlsbad, California 92008.

2.      As pleaded in its First Amended Complaint, Counterclaim Defendant Taylor Made is a Delaware corporation with its principal place of business at 5545 Fermi Court, Carlsbad, California 92008.

## JURISDICTION

3.      The counterclaim arises under Rule 13 of the Federal Rules of Civil Procedure, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., the patent laws of

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

the United States, 35 U.S.C. § 1, et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq.

4.      SCDC seeks to obtain a judgment declaring that it has not infringed any of U.S. Patent Nos. RE47,653, 10,953,293, 11,351,416, 11,420,097, and 11,559,727 (the Asserted Patents) as Plaintiff alleged in the First Amended Complaint, that the Asserted Patents are invalid and unenforceable, and that it is not liable for false advertising as Plaintiff alleged in the First Amended Complaint.

5.      An actual controversy exists between Plaintiff and SCDC as to whether SCDC has directly or indirectly infringed one or more of the Asserted Patents and/or is liable for false advertising by virtue of SCDC's involvement in the design of Kirkland Signature™ player's irons ("Accused Products").

6.      This Court has personal jurisdiction over Plaintiff, because Plaintiff submitted itself to the Court's jurisdiction by filing the instant action, by which it purposely availed itself of the benefits and protections of this Court.

7.      This Court has subject matter jurisdiction over the counterclaim under 28 U.S.C. § 1338 because the alleged patent infringement involves a substantial question of patent law under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under 28 U.S.C. § 1331 because the alleged false advertising involves a substantial question of law under the Federal Lanham Act, 15 U.S.C. § 1051 et seq.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, because Plaintiff has brought claims of patent infringement and false advertising in this district.

9.      Because Plaintiff filed the instant patent infringement suit against SCDC, SCDC has standing to file counterclaims for declaratory judgments of non-infringement, invalidity, and unenforceability of the Asserted Patents, and non-liability for false advertising.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

**COUNT I – NON-INFRINGEMENT OF U.S. PATENT NO. RE47,653**

10.    SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

11.    In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SCDC for alleged infringement of U.S. Patent No. RE47,653.

12.    SCDC does not infringe U.S. Patent No. RE47,653 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. RE47,653, either literally or under the doctrine of equivalents. For example, the accused products lack a filler or its substantial equivalent, as recited in claim 1.

13.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

14.    SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. RE47,653.

**COUNT II – NON-INFRINGEMENT OF U.S. PATENT NO. 10,953,293**

15.    SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

16.    In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SCDC for alleged infringement of U.S. Patent No. 10,953,293.

17.    SCDC does not infringe U.S. Patent No. 10,953,293 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 10,953,293, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 1.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

18.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19.     SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 10,953,293.

### COUNT III – NON-INFRINGEMENT OF U.S. PATENT NO. 11,351,426

20.     SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

21.     In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SCDC for alleged infringement of U.S. Patent No. 11,351,426.

22.     SCDC does not infringe U.S. Patent No. 11,351,426 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 11,351,426, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 17.

23.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24.     SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 11,351,426.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

## COUNT IV – NON-INFRINGEMENT OF U.S. PATENT NO. 11,420,097

25.    SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

26.    In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SCDC for alleged infringement of U.S. Patent No. 11,420,097.

27.    SCDC does not infringe U.S. Patent No. 11,420,097 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 11,420,097, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 13.

28.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.    SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 11,420,097.

## COUNT V – NON-INFRINGEMENT OF U.S. PATENT NO. 11,559,727

30.    SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

31.    In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SCDC for alleged infringement of U.S. Patent No. 11,559,727.

32.    SCDC does not infringe U.S. Patent No. 11,559,727 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 11,559,727, either literally or under the doctrine of equivalents. For example, the accused products lack a weight channel or its substantial equivalent, as recited in claim 13.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

33.   As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.   SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 11,559,727.

## COUNT VI – INVALIDITY OF U.S. PATENT NO. RE47,653

35.   SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

36.   The asserted claims of U.S. Patent No. RE47,653 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), 251 (reissue patent requirements) and the rules, regulations, and laws pertaining thereto. For example, claim 1 is invalid because of improper reissue recapture, for indefiniteness, for inadequate written description, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

37.   As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38.   SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

time so that the parties may ascertain their respective rights and duties regarding the invalidity of the asserted claims of U.S. Patent No. RE47,653.

### COUNT VII – INVALIDITY OF U.S. PATENT NO. 10,953,293

39.    SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

40.    The asserted claims of U.S. Patent No. 10,953,293 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 1 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

41.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

42.    SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the asserted claims of U.S. Patent No. 10,953,293.

### COUNT VIII – INVALIDITY OF U.S. PATENT NO. 11,351,426

43.    SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

44.    The asserted claims of U.S. Patent No. 11,351,426 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

(anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 17 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

45.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46.     SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the asserted claims of U.S. Patent No. 11,351,426.

## COUNT IX – INVALIDITY OF U.S. PATENT NO. 11,420,097

47.     SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

48.     The asserted claims of U.S. Patent No. 11,420,097 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 13 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

49.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50.    SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the asserted claims of U.S. Patent No. 11,420,097.

## COUNT X – INVALIDITY OF U.S. PATENT NO. 11,559,727

51.    SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

52.    The asserted claims of U.S. Patent No. 11,559,727 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 13 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

53.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54.    SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the asserted claims of U.S. Patent No. 11,559,727.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

## COUNT XI – NO FALSE ADVERTISING

55.    SCDC incorporates by reference the allegations set forth in the preceding paragraphs.

56.    In the First Amended Complaint, Plaintiff is seeking damages from SCDC for alleged false advertising under the federal Lanham Act, 15 U.S.C. § 1051 et seq., based on statements made on the Costco website about the products alleged to be infringing Plaintiff's patents.

57.    SCDC has not committed any acts of false advertising because SCDC has not misrepresented, nor caused Costco or anyone else to misrepresent, "the nature, characteristics, qualities, or geographic origin" of the Kirkland Signature™ irons, and therefore has not violated 15 U.S.C. §§ 1125 et seq. (Lanham Act).

58.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

59.    SCDC seeks a judicial determination and declaration of the respective rights and duties of the parties based on SCDC's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the claim of false advertising.

## PRAYER FOR RELIEF

SCDC respectfully requests that the Court grant the following relief:

A.    That judgment be entered in favor of SCDC and against Counterclaim Defendant on each and every count of the First Amended Complaint and on each and every count of the Counterclaims;

B.    That judgment be entered declaring that SCDC has not infringed any claim of the '653 patent, the '293 patent, the '426 patent, the '097 patent, or the '727 patent, either literally or under the doctrine of equivalents;

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

C.   That judgment be entered declaring that Counterclaim Defendant is not entitled to injunctive relief, money damages, costs, attorneys' fees, or any other remedy for any alleged infringement by SCDC;

D.   That judgment be entered declaring that the asserted claims of the '653 patent, the '293 patent, the '426 patent, the '097 patent, and the '727 patent are invalid;

E.   That judgment be entered declaring this case exceptional in favor of SCDC under 35 U.S.C. § 285 and that it be awarded its reasonable attorneys' fees, expenses, and costs; and

F.   That SCDC be awarded such other and further relief as the Court may deem just and proper.

Dated:  June 7, 2024            **SQUIRE PATTON BOGGS (US) LLP**

By: _/s/ Frank L. Bernstein_
Frank L. Bernstein (SBN: 189504)
frank.bernstein@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Hannah Makinde (SBN:  307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:   +1 213 624 2500
Facsimile:   +1 213 623 4581

*Attorneys for Defendant Southern California Development Company*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

# JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SCDC respectfully demands a trial by jury on all claims and issues so triable.

Dated: June 7, 2024                **SQUIRE PATTON BOGGS (US) LLP**


By: */s/ Frank L. Bernstein*
Frank L. Bernstein (SBN: 189504)
frank.bernstein@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Hannah Makinde (SBN: 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  +1 213 624 2500
Facsimile:  +1 213 623 4581

*Attorneys for Defendant Southern California Development Company*

DEFT. SO CAL DESIGN CO. ANSWER
*Case No. 3:24-CV-0212-AGS-VET*