**SQUIRE PATTON BOGGS (US) LLP**
Frank L. Bernstein (SBN: 189504)
frank.bernstein@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Hannah Makinde (SBN: 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:   +1 213 624 2500
Facsimile:    +1 213 623 4581

*Attorneys for Defendant SM Global LLC*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR MADE GOLF COMPANY, INC., | Case No. 3:24-cv-0212-AGS-VET |
| Plaintiff, | Honorable Andrew G. Schopler |
| vs. | **DEFENDANT SM GLOBAL LLC 'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| COSTCO WHOLESALE CORP., SOUTHERN CALIFORNIA DESIGN COMPANY d/b/a INDI GOLF, and SM GLOBAL LLC, | |
| Defendants. | |

Defendant SM Global LLC ("SM Global") hereby files its Answer, Defenses, and Counterclaims to Plaintiff Taylor Made Golf Company Inc.'s ("Taylor Made" or "Plaintiff") First Amended Complaint ("FAC"). SM Global denies the allegations and characterizations in Plaintiff's FAC unless expressly admitted herein. SM Global incorporates the headings that Plaintiff used in the FAC purely for convenience and ease of reference. SM Global denies any allegations, assertions, or inferences associated with such headings.

## NATURE OF THIS ACTION

1.    SM Global admits that Plaintiff has made the allegations stated in paragraph 1 of the First Amended Complaint.

## PARTIES

2.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the First Amended Complaint, and accordingly denies them.

3.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the First Amended Complaint, and accordingly denies them.

4.    SM Global denies the allegations in paragraph 4 of the First Amended Complaint.

5.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5 of the First Amended Complaint, and accordingly denies them. SM Global denies all other allegations in paragraph 5 of the First Amended Complaint.

6.    SM Global admits that it is a California limited liability company with a principal place of business located at 9461 Charleville Blvd., #326, Beverly Hills, California 90212. SM Global denies all other allegations in paragraph 6 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

1

## **JURISDICTION AND VENUE**

2
3

7.    SM Global admits the allegations in paragraph 7 of the First Amended Complaint.

4
5
6

8.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint, and accordingly denies them.

7
8
9
10

9.    SM Global denies the allegation (1) in paragraph 9 of the First Amended Complaint. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the First Amended Complaint, and accordingly denies them.

11
12
13

10.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the First Amended Complaint, and accordingly denies them.

14
15
16

11.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the First Amended Complaint, and accordingly denies them.

17
18
19

12.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the First Amended Complaint, and accordingly denies them.

20
21
22

13.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the First Amended Complaint, and accordingly denies them.

23
24
25
26

14.    SM Global admits that it is a California limited liability company with its principal place of business in California, and that this Court has personal jurisdiction over SM Global. The remaining allegations in paragraph 14 of the First Amended Complaint are legal conclusions for which no response is required.

27

28

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

15.    SM Global admits that it regularly and continuously transacts business in the District. SM Global denies all other allegations in paragraph 15 of the First Amended Complaint.

16.    SM Global admits the allegations in paragraph 16 of the First Amended Complaint as to subpart (ii). SM Global does not contest the propriety of venue of this case in this District but denies all other allegations in paragraph 16 of the First Amended Complaint.

## BACKGROUND

17.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint, and accordingly denies them.

18.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the First Amended Complaint, and accordingly denies them.

19.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the First Amended Complaint, and accordingly denies them.

20.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the First Amended Complaint, and accordingly denies them.

21.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Complaint, and accordingly denies them.

## The Asserted Patents

### I.    The '653 Patent

22.    SM Global admits that the United States Patent and Trademark Office issued U.S. Patent No. RE47,653, entitled "Golf Club Head," on October 22, 2019, that a copy of the patent is attached as Exhibit 1 to the complaint, and that Bret H. Sahl,

DEFT. SM GLOBAL ANSWER
Case No. 3:24-CV-0212-AGS-VET

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

1  Peter L. Larsen, and Loren Stowe are listed as the inventors. SM Global denies all
2  other allegations in paragraph 22 of the First Amended Complaint.

3  23.    SM Global admits that U.S. Patent No. RE47,653 is a reissue of U.S. Patent
4  No. 9,265,995, which issued from a continuation of Application No. 13/960,554. SM
5  Global admits that there is a document purporting to assign Application No.
6  13/960,554 from the inventors to Taylor Made Golf Company. SM Global admits
7  that the document purports to assign continuations, divisions, and reissues of the
8  Application No. 13/960,554 to Taylor Made Golf Company. Standing is a legal
9  conclusion for which no response is required. SM Global does not have information
10  sufficient to form a belief as to the truth of the remaining allegations in paragraph 23
11  of the First Amended Complaint, and accordingly denies them.

12  24.    SM Global denies the allegations in paragraph 24 of the First Amended
13  Complaint.

14        **II.    The '293 Patent**

15  25.    SM Global admits that the United States Patent and Trademark Office issued
16  U.S. Patent No. 10,953,293, entitled "Golf Club Head," on March 23, 2021, that a
17  copy of the patent is attached as Exhibit 2 to the complaint, and that Paul M.
18  Demkowski, Bret H. Sahl, Scott Taylor, and Sanjya Kuttappa are listed as the
19  inventors. SM Global denies all other allegations in paragraph 25 of the First
20  Amended Complaint.

21  26.    SM Global admits that U.S. Patent No. 10,953,293 issued on a continuation of
22  Application No. 15/706,632. SM Global admits that there is a document purporting
23  to assign Application No. 15/706,632 from the inventors to Taylor Made Golf
24  Company. SM Global admits that the document purports to assign continuations,
25  divisions, and reissues of the Application No. 15/706,632 to Taylor Made Golf
26  Company. Standing is a legal conclusion for which no response is required. SM
27  Global does not have information sufficient to form a belief as to the truth of the

28

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

remaining allegations in paragraph 26 of the First Amended Complaint, and accordingly denies them.

27.     SM Global denies the allegations in paragraph 27 of the First Amended Complaint.

### III.    The '426 Patent

28.     SM Global admits that the United States Patent and Trademark Office  issued U.S. Patent No. 11,351,426, entitled "Golf Club Head," on June 7, 2022, that a copy of the patent is attached as Exhibit 3 to the complaint, and that Paul M. Demkowski, Bret H. Sahl, Scott Taylor, and Sanjya Kuttappa are listed as the inventors. SM Global denies all other allegations in paragraph 28 of the First Amended Complaint.

29.     SM Global admits that U.S. Patent No. 11,351,426 issued on a continuation of Application No. 16/800,811, and that this application is a continuation of Application No. 15/706,632. SM Global admits that there is a document purporting to assign Application No. 15/706,632 from the inventors to Taylor Made Golf Company. SM Global admits that the document purports to assign continuations, divisions, and reissues of the Application No. 15/706,632 to Taylor Made Golf Company. Standing is a legal conclusion for which no response is required. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the First Amended Complaint, and accordingly denies them.

30.     SM Global denies the allegations in paragraph 30 of the First Amended Complaint.

### IV.    The '097 Patent

31.     SM Global admits that the United States Patent and Trademark Office  issued U.S. Patent No. 11,420,097, entitled "Golf Club Head," on August 23, 2022, that a copy of the patent is attached as Exhibit 4 to the complaint, and that Paul M. Demkowski, Bret H. Sahl, and Scott Taylor are listed as the inventors. SM Global denies all other allegations in paragraph 31 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

32.     SM Global admits that U.S. Patent No. 11,420,097 issued on a continuation of Application No. 16/720,678. SM Global admits that Application No. 16/720,678 is a continuation of Application No. 15/394,549. SM Global admits that there is a document purporting to assign Application No. 15/394,549 from the inventors to Taylor Made Golf Company. SM Global admits that the document purports to assign continuations, divisions, and reissues of the Application No. 15/394,549 to Taylor Made Golf Company. Standing is a legal conclusion for which no response is required SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the First Amended Complaint, and accordingly denies them.

33.     SM Global denies the allegations in paragraph 33 of the First Amended Complaint.

**V.     The '727 Patent**

34.     SM Global admits that the United States Patent and Trademark Office  issued U.S. Patent No. 11,559,727, entitled "Golf Club Head," on January 24, 2023, that a copy of the patent is attached as Exhibit 5 to the complaint, and that Paul M. Demkowski, Matt Bovee, Mike Walker, Boo Ohashi, and Connor Halberg are listed as the inventors. SM Global denies all other allegations in paragraph 34 of the First Amended Complaint.

35.     SM Global admits that U.S. Patent No. 11,559,727 issued from Application No. 17/087,596. SM Global admits that there is a document purporting to assign Application No. 17/087,596 from the inventors to Taylor Made Golf Company. SM Global admits that the document purports to assign continuations, divisions, and reissues of the Application No. 17/087,596 to Taylor Made Golf Company. Standing is a legal conclusion for which no response is required. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the First Amended Complaint, and accordingly denies them.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

36.    SM Global denies the allegations in paragraph 36 of the First Amended Complaint.

**Defendants' Acts of Infringement**

37.    SM Global restates and incorporates by reference the responses in paragraphs 1 through 36 of this Answer.

38.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the First Amended Complaint, and accordingly denies them.

39.    SM Global admits that the accused products are identified and sold under the Kirkland Signature™ brand. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the First Amended Complaint, and accordingly denies them.

40.    SM Global denies that the accused products copy many features and technologies from Taylor Made's P790 irons and the asserted patents. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the First Amended Complaint, and accordingly denies them.

41.    SM Global denies that Costco engaged SM Global to design, manufacture, or import the accused products. SM Global otherwise does not have information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the First Amended Complaint, and accordingly denies them.

42.    SM Global admits that the accused products were listed on the United States Golf Association ("USGA") conforming clubs list, and that at one time the manufacturer was listed as "Indi Golf". SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the First Amended Complaint, and accordingly denies them.

43.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the First Amended Complaint.

44.    SM Global admits that it has offered its services to Costco. SM Global denies that it has offered its services to Taylor Made. SM Global admits that the SM Global Korea website states that its "services encompass planning, sourcing, distribution, packaging, and logistics for a wide range of products," and that that web site identifies Costco Wholesale and Kirkland Signature under the header "Our Partners". To the extent that there are any other allegations in paragraph 44 of the First Amended Complaint that require a response, SM Global denies them.

45.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the First Amended Complaint, and accordingly denies them.

46.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the First Amended Complaint, and accordingly denies them.

47.    SM Global admits that a copy of a letter dated December 12, 2023, is attached as Exhibit 6 to the First Amended Complaint, that that letter identifies the five patents in suit, and that that letter ends with the paragraph, "If you have any questions about Taylor Made's patent portfolio, please contact me at your earliest convenience." SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the First Amended Complaint, and accordingly denies them.

48.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the First Amended Complaint, and accordingly denies them.

49.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Complaint, and accordingly denies them.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

50.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the First Amended Complaint, and accordingly denies them.

51.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the First Amended Complaint, and accordingly denies them.

52.    SM Global admits the allegations in paragraph 52 of the First Amended Complaint.

53.    SM Global admits that the listing of the accused products on the USGA Conforming List states that the manufacturer is SM Global, LLC. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the First Amended Complaint, and accordingly denies them.

54.    SM Global admits the allegations in paragraph 54 of the First Amended Complaint.

55.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the First Amended Complaint, and accordingly denies them.

56.    SM Global denies the allegations in paragraph 56 of the First Amended Complaint as to SM Global. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of the First Amended Complaint, and accordingly denies them.

57.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the First Amended Complaint as to SCDC, and accordingly denies them. SM Global denies all other allegations in paragraph 57 of the First Amended Complaint.

58.    SM Global denies that the design of the accused products is at the direction of Costco. SM Global admits that it sells or offers to sell Kirkland Signature™ irons to

Costco. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the First Amended Complaint, and accordingly denies them.

59.    SM Global denies the allegations in paragraph 59 of the First Amended Complaint.

60.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the First Amended Complaint, and accordingly denies them.

61.    SM Global denies the allegations in paragraph 61 of the First Amended Complaint.

62.    SM Global denies the allegations in paragraph 62 of the First Amended Complaint.

63.    SM Global denies the allegations in paragraph 63 of the First Amended Complaint.

64.    SM Global denies the allegations in paragraph 64 of the First Amended Complaint.

65.    SM Global does not have information sufficient to form a belief as to the truth of the allegations about SCDC's knowledge, and accordingly denies such allegations as set forth in paragraph 65 of the First Amended Complaint. SM Global denies the remaining allegations in paragraph 65 of the First Amended Complaint.

66.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the First Amended Complaint, and accordingly denies them.

67.    SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the First Amended Complaint, and accordingly denies them.

68.    SM Global denies the allegations in paragraph 68 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

69.     SM Global denies the allegations in paragraph 69 of the First Amended Complaint.

70.     SM Global admits that it had business discussions with Taylor Made in the past. SM Global admits that it received a copy of Taylor Made's January 31, 2024 original Complaint. SM Global admits that one of its representatives contacted Taylor Made on or about February 9, 2024 to discuss the original Complaint. SM Global denies the remaining allegations in paragraph 70 of the First Amended Complaint.

71.     SM Global denies the allegations in paragraph 71 of the First Amended Complaint.

72.     To the extent that any of the allegations in paragraph 72 of the First Amended Complaint require a legal conclusion, no response is required. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of the First Amended Complaint, and accordingly denies them.

73.     To the extent that any of the allegations in paragraph 73 of the First Amended Complaint require a legal conclusion, no response is required. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 of the First Amended Complaint, and accordingly denies them.

74.     To the extent that any of the allegations in paragraph of the First Amended Complaint require a legal conclusion, no response is required. SM Global denies the remaining allegations in paragraph 74 of the First Amended Complaint.

75.     To the extent that any of the allegations in paragraph 75 of the First Amended Complaint require a legal conclusion, no response is required. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 of the First Amended Complaint, and accordingly denies them.

76.     SM Global denies the allegations in paragraph 76 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

77.    SM Global denies the allegations in paragraph 77 of the First Amended Complaint as to SM Global. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 of the First Amended Complaint, and accordingly denies them.

78.    SM Global denies the allegations in paragraph 78 of the First Amended Complaint.

79.    SM Global denies the allegations in paragraph 79 of the First Amended Complaint.

## **Defendants' Acts of False Advertisement**

80.    SM Global restates and incorporates by reference the responses in paragraphs 1 through 79 of this Answer.

81.    SM Global admits that, at one time, a listing for Kirkland Signature ™ golf clubs on Costco's web site indicated that the clubs contained a urethane insert. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 of the First Amended Complaint, and accordingly denies them.

82.    SM Global admits the allegations in paragraph 82 of the First Amended Complaint.

83.    SM Global denies the allegations in paragraph 83 of the First Amended Complaint as to SM Global, and denies the allegations in paragraph 83 of the First Amended Complaint as to the remaining Defendants concerning false advertising. SM Global does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 of the First Amended Complaint, and accordingly denies them.

84.    SM Global denies the allegations in paragraph 84 of the First Amended Complaint.

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

85.     SM Global admits that the accused products do not contain an injected urethane insert. SM Global denies the remaining allegations in paragraph 85 of the First Amended Complaint.

86.     SM Global denies the allegations in paragraph 86 of the First Amended Complaint.

87.     SM Global does not have information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the First Amended Complaint, and accordingly denies them.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE47,653

88.     SM Global restates and incorporates by references the responses in paragraphs 1 through 87 of this Answer.

89.     SM Global denies the allegations in paragraph 89 of the First Amended Complaint.

90.     SM Global denies the allegations in paragraph 90 of the First Amended Complaint.

91.     SM Global denies the allegations in paragraph 91 of the First Amended Complaint.

92.     SM Global denies the allegations in paragraph 92 of the First Amended Complaint.

93.     SM Global denies the allegations in paragraph 93 of the First Amended Complaint.

94.     SM Global denies the allegations in paragraph 94 of the First Amended Complaint.

95.     SM Global denies the allegations in paragraph 95 of the First Amended Complaint.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,953,293

96.     SM Global restates and incorporates by references the responses in paragraphs 1 through 95 of this Answer.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

97.  SM Global denies the allegations in paragraph 97 of the First Amended Complaint.

98.  SM Global denies the allegations in paragraph 98 of the First Amended Complaint.

99.  SM Global denies the allegations in paragraph 99 of the First Amended Complaint.

100.  SM Global denies the allegations in paragraph 100 of the First Amended Complaint.

101.  SM Global denies the allegations in paragraph 101 of the First Amended Complaint.

102.  SM Global denies the allegations in paragraph 102 of the First Amended Complaint.

103.  SM Global denies the allegations in paragraph 103 of the First Amended Complaint.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,351,426

104.  SM Global restates and incorporates by references the responses in paragraphs 1 through 103 of this Answer.

105.  SM Global denies the allegations in paragraph 105 of the First Amended Complaint.

106.  SM Global denies the allegations in paragraph 106 of the First Amended Complaint.

107.  SM Global denies the allegations in paragraph 107 of the First Amended Complaint.

108.  SM Global denies the allegations in paragraph 108 of the First Amended Complaint.

109.  SM Global denies the allegations in paragraph 109 of the First Amended Complaint.

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

110. SM Global denies the allegations in paragraph 110 of the First Amended Complaint.

111. SM Global denies the allegations in paragraph 111 of the First Amended Complaint.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,420,097

112. SM Global restates and incorporates by references the responses in paragraphs 1 through 111 of this Answer.

113. SM Global denies the allegations in paragraph 113 of the First Amended Complaint.

114. SM Global denies the allegations in paragraph 114 of the First Amended Complaint.

115. SM Global denies the allegations in paragraph 115 of the First Amended Complaint.

116. SM Global denies the allegations in paragraph 116 of the First Amended Complaint.

117. SM Global denies the allegations in paragraph 117 of the First Amended Complaint.

118. SM Global denies the allegations in paragraph 118 of the First Amended Complaint.

119. SM Global denies the allegations in paragraph 119 of the First Amended Complaint.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,559,727

120. SM Global restates and incorporates by references the responses in paragraphs 1 through 119 of this Answer.

121. SM Global denies the allegations in paragraph 121 of the First Amended Complaint.

122. SM Global denies the allegations in paragraph 122 of the First Amended Complaint.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

123.    SM Global denies the allegations in paragraph 123 of the First Amended Complaint.

124.    SM Global denies the allegations in paragraph 124 of the First Amended Complaint.

125.    SM Global denies the allegations in paragraph 125 of the First Amended Complaint.

126.    SM Global denies the allegations in paragraph 126 of the First Amended Complaint.

127.    SM Global denies the allegations in paragraph 127 of the First Amended Complaint.

## COUNT VI: FALSE ADVERTISING (15 U.S.C. § 1125)

128.    SM Global restates and incorporates by references the responses in paragraphs 1 through 127 of this Answer.

129.    SM Global denies the allegations in paragraph 129 of the First Amended Complaint.

130.    SM Global denies the allegations in paragraph 130 of the First Amended Complaint.

131.    SM Global denies the allegations in paragraph 131 of the First Amended Complaint.

132.    SM Global denies the allegations in paragraph 132 of the First Amended Complaint.

133.    SM Global denies the allegations in paragraph 133 of the First Amended Complaint.

134.    SM Global denies the allegations in paragraph 134 of the First Amended Complaint.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief sets forth requests for relief to which no response is required. To the extent necessary, SM Global denies that Plaintiff is entitled to the

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

relief requested, or to any relief whatsoever. To the extent that Paragraphs A through K contain any factual allegations, SM Global denies them.

## JURY DEMAND

This portion of the First Amended Complaint sets forth Plaintiff's jury trial request, to which no response is required. To the extent that Plaintiff's Jury Demand contains any factual allegations, SM Global denies them.

## GENERAL DENIAL

Except as expressly admitted above, SM Global denies each and every allegation contained in the First Amended Complaint.

## DEFENSES

SM Global alleges and asserts the defenses herein in response to the allegations in the First Amended Complaint, undertaking the burden of proof only as to those defenses as required by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's First Amended Complaint and each claim for relief alleged in the First Amended Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE – PATENT NON-INFRINGEMENT

Plaintiff's First Amended Complaint and each claim for relief alleged in the First Amended Complaint are barred because SM Global has not infringed or willfully infringed, and does not infringe or willfully infringe, either directly or indirectly (whether literally or under the doctrine of equivalents) any valid, enforceable claim of the Asserted Patents.

## THIRD DEFENSE – PATENT INVALIDITY

One or more of the claims of the Asserted Patents are invalid, at least in part, because each of the Asserted Patents do not satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

the rules, regulations, and laws pertaining thereto. In the case of the '653 patent, one or more claims are invalid, at least in part, for failure to satisfy conditions specified under 35 U.S.C. §§ 251.

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL, DISCLAIMER, AND SURRENDER

Plaintiff's claims for patent infringement of the Asserted Patents are barred, in whole or in part, by the doctrines of prosecution history estoppel, prosecution disclaimer, and surrender, and/or as the result of statements or amendments made during prosecution of the Asserted Patents or of any related patents and/or applications, or during any other proceedings before the U.S. Patent and Trademark Office or in any court.

### FIFTH DEFENSE – NO ENTITLEMENT TO INJUNCTIVE RELIEF

Plaintiff is not entitled to injunctive relief because Plaintiff cannot prove (1) infringement, (2) that they have suffered and will continue to suffer irreparable harm due to SM Global's conduct, (3) that they do not have an adequate remedy at law, and (4) that the balance of hardships and public interest favor injunctive relief.

### SIXTH DEFENSE – NO ENTITLEMENT TO FEES OR COSTS

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against SM Global pursuant to 35 U.S.C. § 285, and is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### SEVENTH DEFENSE – NOTICE AND MARKING

Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 287 because of Plaintiff's failure to provide proper notice of any alleged infringement to SM Global before service of its Original Complaint and to the extent that Plaintiff and/or any licensees under the Asserted Patents failed to properly mark relevant products.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

## **EIGHTH DEFENSE – NO STANDING**

Plaintiff's claims of false advertising are barred, in whole or in part, because any injury to Plaintiff was not proximately caused by the alleged acts of false advertising such that Plaintiff lacks standing to assert false advertising.

## **NINTH DEFENSE – NO FALSE ADVERTISING**

Plaintiff's claims of false advertising are barred, in whole or in part, because the subject statements alleged to be false (i) merely express characterizations that are not actionable as false advertising; (ii) did not deceive consumers; and/or (iii) did not have any material effect on consumer purchasing decisions.

## **TENTH DEFENSE – NO DAMAGES**

Plaintiff's First Amended Complaint and its claim for false advertising alleged in the First Amended Complaint fail in whole or in part to the extent that Plaintiff has suffered no damages.

## **RESERVATION OF DEFENSES**

SM Global's investigation of this matter is ongoing. SM Global reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## **COUNTERCLAIMS**

For its counterclaims against Taylor Made, SM Global alleges and states as follows:

## **THE PARTIES**

1.    Counterclaim Plaintiff SM Global is a company organized under the Laws of the State of California, with its principal place of business located at 9461 Charleville Blvd., #326, Beverly Hills, California 90212.

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

2.      As pleaded in its First Amended Complaint, Counterclaim Defendant Taylor Made is a Delaware corporation with its principal place of business at 5545 Fermi Court, Carlsbad, California 92008.

## JURISDICTION

3.      The counterclaim arises under Rule 13 of the Federal Rules of Civil Procedure, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq.

4.      SM Global seeks to obtain a judgment declaring that it has not infringed any U.S. Patent Nos. RE47,653, 10,953,293, 11,351,416, 11,420,097, and 11,559,727 (the Asserted Patents) as Plaintiff alleged in the First Amended Complaint, that the Asserted Patents are invalid and unenforceable, and that it is not liable for false advertising as Plaintiff alleged in the First Amended Complaint.

5.      An actual controversy exists between Plaintiff and SM Global as to whether has directly or indirectly infringed one or more of the Asserted Patents and/or is liable for false advertising by virtue of SM Global's involvement in the offer for sale and/or sale of Kirkland Signature™ player's irons ("Accused Products").

6.      This Court has personal jurisdiction over Plaintiff, because Plaintiff submitted itself to the Court's jurisdiction by filing the instant action, by which it purposely availed itself of the benefits and protections of this Court.

7.      This Court has subject matter jurisdiction over the counterclaim under 28 U.S.C. § 1338 because the alleged patent infringement involves a substantial question of patent law under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under 28 U.S.C. § 1331 because the alleged false advertising involves a substantial question of law under the Federal Lanham Act, 15 U.S.C. § 1051 et seq.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, because Plaintiff has brought claims of patent infringement and false advertising in this district.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

9.    Because Plaintiff filed the instant patent infringement suit against SM Global, SM Global has standing to file counterclaims for declaratory judgments of non-infringement, invalidity, and unenforceability of the Asserted Patents, and non-liability for false advertising.

## COUNT I – NON-INFRINGEMENT OF U.S. PATENT NO. RE47,653

10.    SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

11.    In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. RE47,653.

12.    SM Global does not infringe U.S. Patent No. RE47,653 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. RE47,653, either literally or under the doctrine of equivalents. For example, the accused products lack a filler or its substantial equivalent, as recited in claim 1.

13.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

14.    SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. RE47,653.

## COUNT II – NON-INFRINGEMENT OF U.S. PATENT NO. 10,953,293

15.    SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

16.    In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. 10,953,293.

17.    SM Global does not infringe U.S. Patent No. 10,953,293 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 10,953,293, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 1.

18.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19.    SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 10,953,293.

## COUNT III – NON-INFRINGEMENT OF U.S. PATENT NO. 11,351,426

20.    SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

21.    In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. 11,351,426.

22.    SM Global does not infringe U.S. Patent No. 11,351,426 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 11,351,426, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 17.

23.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24.    SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 11,351,426.

**COUNT IV – NON-INFRINGEMENT OF U.S. PATENT NO. 11,420,097**

25.     SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

26.     In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. 11,420,097.

27.     SM Global does not infringe U.S. Patent No. 11,420,097 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of the claims of U.S. Patent No. 11,420,097, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 13.

28.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.     SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 11,420,097.

**COUNT V – NON-INFRINGEMENT OF U.S. PATENT NO. 11,559,727**

30.     SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

31.     In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. 11,559,727.

32.     SM Global does not infringe U.S. Patent No. 11,559,727 because it does not make, use, sell, offer to sell, or import into the United States any product that includes

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

1  each and every limitation of any claims of U.S. Patent No. 11,559,727, either literally

2  or under the doctrine of equivalents. For example, the accused products lack a weight

3  channel or its substantial equivalent, as recited in claim 13.

4  33.    As a result of the acts described in the foregoing paragraphs, there exists an

5  actual and justiciable controversy of sufficient immediacy and reality to warrant the

6  issuance of a declaratory judgment.

7  34.    SM Global seeks a judicial determination and declaration of the respective

8  rights and duties of the parties based on SM Global's contentions as set forth in the

9  paragraphs above. Such a determination and declaration are necessary and

10  appropriate so that the parties may ascertain their respective rights and duties

11  regarding the non-infringement of the claims of U.S. Patent No. 11,559,727.

12  ### <u>COUNT VI – INVALIDITY OF U.S. PATENT NO. RE47,653</u>

13  35.    SM Global incorporates by reference the allegations set forth in the preceding

14  paragraphs.

15  36.    The asserted claims of U.S. Patent No. RE47,653 are invalid because they fail

16  to satisfy one or more conditions of patentability specified in Title 35 of the United

17  States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation),

18  103 (obviousness), 112 (indefiniteness and failure to satisfy the written description

19  and/or enablement requirements), 251 (reissue patent requirements) and the rules,

20  regulations, and laws pertaining thereto. For example, claim 1 is invalid because of

21  improper reissue recapture, for indefiniteness, for inadequate written description, and

22  for obviousness in view of the prior art of record and one or more versions of the

23  Callaway Hawk Eye™ irons, and/or in view of features of those irons described in

24  one or more patents assigned to Callaway Golf Company.

25  37.    As a result of the acts described in the foregoing paragraphs, there exists an

26  actual and justiciable controversy of sufficient immediacy and reality to warrant the

27  issuance of a declaratory judgment.

28

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

38.    SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. RE47,653.

## COUNT VII – INVALIDITY OF U.S. PATENT NO. 10,953,293

39.    SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

40.    The asserted claims of U.S. Patent No. 10,953,293 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 1 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

41.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

42.    SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. 10,953,293.

## COUNT VIII – INVALIDITY OF U.S. PATENT NO. 11,351,426

43.    SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

44. The asserted claims of U.S. Patent No. 11,351,426 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 17 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

45. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. 11,351,426.

## COUNT IX – INVALIDITY OF U.S. PATENT NO. 11,420,097

47. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

48. The asserted claims of U.S. Patent No. 11,420,097 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 13 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

49.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50.    SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. 11,420,097.

## COUNT X – INVALIDITY OF U.S. PATENT NO. 11,559,727

51.    SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

52.    The asserted claims of U.S. Patent No. 11,559,727 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 13 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

53.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54.    SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. 11,559,727.

## COUNT XI – NO FALSE ADVERTISING

55.    SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

56.    In the First Amended Complaint, Plaintiff is seeking damages from SM Global for alleged false advertising under the federal Lanham Act, 15 U.S.C. § 1051 et seq., based on statements made on the Costco website about the products alleged to be infringing Plaintiff's patents.

57.    SM Global has not committed any acts of false advertising because SM Global has not misrepresented, nor caused Costco or anyone else to misrepresent, "the nature, characteristics, qualities, or geographic origin" of the Kirkland Signature™ irons, and therefore has not violated 15 U.S.C. §§ 1125 et seq. (Lanham Act).

58.    As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

59.    SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the claim of false advertising.

## PRAYER FOR RELIEF

SM Global respectfully requests that the Court grant the following relief:

A.    That judgment be entered in favor of SM Global and against Counterclaim Defendant on each and every count of the First Amended Complaint and on each and every count of the Counterclaims;

B.    That judgment be entered declaring that SM Global has not infringed any claim of the '653 patent, the '293 patent, the '426 patent, the '097

SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, California 94304

patent, or the '727 patent, either literally or under the doctrine of equivalents;

C.     That judgment be entered declaring that Counterclaim Defendant is not entitled to injunctive relief, money damages, costs, attorneys' fees, or any other remedy for any alleged infringement by SM Global;

D.     That judgment be entered declaring that the asserted claims of the'653 patent, the '293 patent, the '426 patent, the '097 patent, and the '727 patent are invalid;

E.     That judgment be entered declaring this case exceptional in favor of SM Global under 35 U.S.C. § 285 and that it be awarded its reasonable attorneys' fees, expenses, and costs; and

F.     That SM Global be awarded such other and further relief as the Court may deem just and proper.

Dated:  June 7, 2024          **SQUIRE PATTON BOGGS (US) LLP**

By:  */s/ Frank L. Bernstein*
Frank L. Bernstein (SBN: 189504)
frank.bernstein@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Hannah Makinde (SBN: 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  +1 213 624 2500
Facsimile:  +1 213 623 4581

*Attorneys for Defendant SM Global LLC*

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*

1

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SM Global respectfully demands a trial by jury on all claims and issues so triable.

Dated:  June 7, 2024                    **SQUIRE PATTON BOGGS (US) LLP**


By:  */s/ Frank L. Bernstein*
Frank L. Bernstein (SBN: 189504)
frank.bernstein@squirepb.com
Tamara D. Fraizer (SBN: 215942)
tamara.fraizer@squirepb.com
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Telephone: (650) 856-6500
Facsimile: (650) 843-8777

Hannah Makinde (SBN: 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:   +1 213 624 2500
Facsimile:    +1 213 623 4581

*Attorneys for Defendant SM Global LLC*

DEFT. SM GLOBAL ANSWER
*Case No. 3:24-CV-0212-AGS-VET*