JC ROZENDAAL (*pro hac vice*)
  jcrozendaal@sternekessler.com
BYRON L. PICKARD (*pro hac vice*)
  bpickard@sternekessler.com
ROBERT NIEMEIER (*pro hac vice*)
  rniemeier@sternekessler.com
STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.
1101 K St NW, 10th Floor
Washington, DC 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540

KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Taylor Made Golf Company, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| TAYLOR MADE GOLF COMPANY, INC., <br><br>Plaintiff, <br><br>v. <br><br>COSTCO WHOLESALE CORP., SOUTHERN CALIFORNIA DESIGN COMPANY d/b/a INDI GOLF, and SM GLOBAL LLC, <br><br>Defendants. | CASE NO. 3:24-cv-00212-AGS-VET <br><br>**TAYLOR MADE GOLF COMPANY, INC.'S ANSWER TO SM GLOBAL LLC'S COUNTERCLAIMS** <br><br>Judge: Honorable Andrew G. Schopler |

Plaintiff and Counterclaim-Defendant Taylor Made Golf Company, Inc. ("Taylor Made") hereby files its Answer to Defendant and Counterclaim-Plaintiff SM Global LLC's ("SM Global") Counterclaims. Taylor Made denies the allegations in SM Global's Counterclaims except as expressly admitted herein.

**ANSWER TO COUNTERCLAIMS**

## THE PARTIES

1. Counterclaim Plaintiff SM Global is a company organized under the Laws of the State of California, with its principal place of business located at 9461 Charleville Blvd., #326, Beverly Hills, California 90212.

**ANSWER**: Taylor Made lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

2. As pleaded in its First Amended Complaint, Counterclaim Defendant Taylor Made is a Delaware corporation with its principal place of business at 5545 Fermi Court, Carlsbad, California 92008.

**ANSWER**: Admitted.

## JURISDICTION

3. The counterclaim arises under Rule 13 of the Federal Rules of Civil Procedure, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq.

**ANSWER**: Taylor Made admits that SM Global purports to state counterclaims that arise under Rule 13 of the Federal Rules of Civil Procedure, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq. Taylor Made denies that SM Global's counterclaims have merit.

4. SM Global seeks to obtain a judgment declaring that it has not infringed any U.S. Patent Nos. RE47,653, 10,953,293, 11,351,416, 11,420,097, and 11,559,727 (the Asserted Patents) as Plaintiff alleged in the First Amended Complaint, that the Asserted Patents are invalid and unenforceable, and that it is not liable for false advertising as Plaintiff alleged in the First Amended Complaint.

**ANSWER**: Taylor Made admits that SM Global purports to allege counterclaims seeking entry of the identified declaratory judgments. Taylor Made denies that SM Global is entitled to the declaratory judgments it seeks. Taylor Made denies the remaining allegations of this paragraph.

5. An actual controversy exists between Plaintiff and SM Global as to whether has directly or indirectly infringed one or more of the Asserted Patents and/or is liable for false advertising by virtue of SM Global's involvement in the offer for sale and/or sale of Kirkland Signature™ player's irons ("Accused Products").

**ANSWER**: Admitted.

6. This Court has personal jurisdiction over Plaintiff, because Plaintiff submitted itself to the Court's jurisdiction by filing the instant action, by which it purposely availed itself of the benefits and protections of this Court.

**ANSWER**: Admitted.

7. This Court has subject matter jurisdiction over the counterclaim under 28 U.S.C. § 1338 because the alleged patent infringement involves a substantial question of patent law under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under 28 U.S.C. § 1331 because the alleged false advertising involves a substantial question of law under the Federal Lanham Act, 15 U.S.C. § 1051 et seq.

**ANSWER**: Admitted.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, because Plaintiff has brought claims of patent infringement and false advertising in this district.

**ANSWER**: Admitted.

9. Because Plaintiff filed the instant patent infringement suit against SM Global, SM Global has standing to file counterclaims for declaratory judgments

of noninfringement, invalidity, and unenforceability of the Asserted Patents, and nonliability for false advertising.

**ANSWER**: Admitted.

## COUNT I – NON-INFRINGEMENT OF U.S. PATENT NO. RE47,653

10. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

11. In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. RE47,653.

**ANSWER**: Admitted.

12. SM Global does not infringe U.S. Patent No. RE47,653 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. RE47,653, either literally or under the doctrine of equivalents. For example, the accused products lack a filler or its substantial equivalent, as recited in claim 1.

**ANSWER**: Denied.

13. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

14. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are

necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. RE47,653.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

### COUNT II – NON-INFRINGEMENT OF U.S. PATENT NO. 10,953,293

15.   SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

16.   In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. 10,953,293.

**ANSWER**: Admitted.

17. SM Global does not infringe U.S. Patent No. 10,953,293 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 10,953,293, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 1.

**ANSWER**: Denied.

18.   As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

19. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 10,953,293.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

## COUNT III – NON-INFRINGEMENT OF U.S. PATENT NO. 11,351,426

20. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

21. In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. 11,351,426.

**ANSWER**: Admitted.

22. SM Global does not infringe U.S. Patent No. 11,351,426 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 11,351,426, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 17.

**ANSWER**: Denied.

23. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

24. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 11,351,426.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

## COUNT IV – NON-INFRINGEMENT OF U.S. PATENT NO. 11,420,097

25. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

26. In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. 11,420,097.

**ANSWER**: Admitted.

27. SM Global does not infringe U.S. Patent No. 11,420,097 because it does not make, use, sell, offer to sell, or import into the United States any

product that includes each and every limitation of the claims of U.S. Patent No. 11,420,097, either literally or under the doctrine of equivalents. For example, the accused products lack a strike plate or its substantial equivalent, as recited in claim 13.

**ANSWER**: Denied.

28. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

29. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 11,420,097.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

**COUNT V – NON-INFRINGEMENT OF U.S. PATENT NO. 11,559,727**

30. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

31. In the First Amended Complaint, Plaintiff is seeking injunctive relief and damages from SM Global for alleged infringement of U.S. Patent No. 11,559,727.

**ANSWER**: Admitted.

32. SM Global does not infringe U.S. Patent No. 11,559,727 because it does not make, use, sell, offer to sell, or import into the United States any product that includes each and every limitation of any claims of U.S. Patent No. 11,559,727, either literally or under the doctrine of equivalents. For example, the accused products lack a weight channel or its substantial equivalent, as recited in claim 13.

**ANSWER**: Denied.

33. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

34. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of U.S. Patent No. 11,559,727.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

## COUNT VI – INVALIDITY OF U.S. PATENT NO. RE47,653

35. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

36. The asserted claims of U.S. Patent No. RE47,653 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), 251 (reissue patent requirements) and the rules, regulations, and laws pertaining thereto. For example, claim 1 is invalid because of improper reissue recapture, for indefiniteness, for inadequate written description, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

**ANSWER**: Denied.

37. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

38. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their

respective rights and duties regarding the invalidity of the claims of U.S. Patent No. RE47,653.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

## COUNT VII – INVALIDITY OF U.S. PATENT NO. 10,953,293

39. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

40. The asserted claims of U.S. Patent No. 10,953,293 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 1 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

**ANSWER**: Denied.

41. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

42. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. 10,953,293.

> **ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

**COUNT VIII – INVALIDITY OF U.S. PATENT NO. 11,351,426**

43. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

> **ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

44. The asserted claims of U.S. Patent No. 11,351,426 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 17 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

> **ANSWER**: Denied.

45. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

46. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. 11,351,426.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

### COUNT IX – INVALIDITY OF U.S. PATENT NO. 11,420,097

47. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

48. The asserted claims of U.S. Patent No. 11,420,097 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 13 is invalid for indefiniteness, and for obviousness in view of the prior art of record

and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

**ANSWER**: Denied.

49. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

50. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. 11,420,097.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

**COUNT X – INVALIDITY OF U.S. PATENT NO. 11,559,727**

51. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

52. The asserted claims of U.S. Patent No. 11,559,727 are invalid because they fail to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101

(patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto. For example, claim 13 is invalid for indefiniteness, and for obviousness in view of the prior art of record and one or more versions of the Callaway Hawk Eye™ irons, and/or in view of features of those irons described in one or more patents assigned to Callaway Golf Company.

**ANSWER**: Denied.

53. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

54. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of U.S. Patent No. 11,559,727.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

### COUNT XI – NO FALSE ADVERTISING

55. SM Global incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Taylor Made restates and incorporates by reference its responses to the foregoing paragraphs.

56. In the First Amended Complaint, Plaintiff is seeking damages from SM Global for alleged false advertising under the federal Lanham Act, 15 U.S.C. § 1051 et seq., based on statements made on the Costco website about the products alleged to be infringing Plaintiff's patents.

**ANSWER**:

57. SM Global has not committed any acts of false advertising because SM Global has not misrepresented, nor caused Costco or anyone else to misrepresent, "the nature, characteristics, qualities, or geographic origin" of the Kirkland Signature™ irons, and therefore has not violated 15 U.S.C. §§ 1125 et seq. (Lanham Act).

**ANSWER**: Denied.

58. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER**: Taylor Made admits an actual and judiciable controversy exists between the parties. Taylor Made denies issuance of the sought-after declaratory judgment is warranted.

59. SM Global seeks a judicial determination and declaration of the respective rights and duties of the parties based on SM Global's contentions as set forth in the paragraphs above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the claim of false advertising.

**ANSWER**: Taylor Made admits that SM Global is seeking a judicial determination and declaration of certain rights and duties. Taylor Made denies the remaining allegations of this paragraph.

## **PRAYER FOR RELIEF**

SM Global's Prayer for Relief sets forth allegations that do not require a response. In any event, Taylor Made denies that SM Global is entitled to the relief it seeks and denies any fact alleged in this section of SM Global's counterclaims.

Dated: June 28, 2024

Respectfully Submitted,

JOHN CHRISTOPHER (J.C.) ROZENDAAL
BYRON L. PICKARD
ROBERT NIEMEIER
STERNE, KESSLER, GOLDSTEIN & FOX PLLC

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP


By: */s/ Karin G. Pagnanelli*
    Karin G. Pagnanelli (SBN 174763)
    Attorney for Plaintiff
    Taylor Made Golf Company, Inc.